1  **Marquis Aurbach Coffing**
   Terry A. Coffing, Esq.
2  Nevada Bar No. 4949
   Chad F. Clement, Esq.
3  Nevada Bar No. 12192
   Jonathan B. Lee, Esq.
4  Nevada Bar No. 13524
   10001 Park Run Drive
5  Las Vegas, Nevada 89145
   Telephone: (702) 382-0711
6  Facsimile: (702) 382-5816
   tcoffing@maclaw.com
7  cclement@maclaw.com
   jlee@maclaw.com
8  *Attorneys for Richland Holdings, Inc.*
   *d/b/a AcctCorp of Southern Nevada*
9

10

11                    **UNITED STATES DISTRICT COURT**

12                         **DISTRICT OF NEVADA**

13  MICHAEL CUTTS,                          Case Number:  2:17-cv-01525-JCM-PAL

                              Plaintiff,
14
        vs.                                 **DEFENDANT RICHLAND HOLDINGS,**
15                                          **INC. d/b/a ACCTCORP OF SOUTHERN**
    RICHLAND    HOLDINGS,    INC.   d/b/a   **NEVADA'S MOTION TO DISMISS OR,**
16  ACCTCORP OF SOUTHERN NEVADA, a          **ALTERNATIVELY, MOTION FOR**
    Nevada    Corporation;    CALEB    J.   **MORE DEFINITE STATEMENT**
17  LANGSDALE,    ESQ.    dba    THE
    LANGSDALE  LAW  FIRM,  P.C.;  and
18  CLIFFORD MOLIN, M.D. aka ZEEBA
    SLEEP CENTER
19
                              Defendants.
20

21       Defendant  Richland  Holdings,  Inc.  d/b/a  AcctCorp  of  Southern  Nevada

22  ("AcctCorp"), by and through its attorneys of record, the law firm of Marquis Aurbach

23  Coffing, and pursuant to Fed. R. Civ. P. ("FRCP") 12(b)(1), 12(b)(6), and 12(e), hereby files

24  its Motion to Dismiss or, Alternatively, Motion for More Definite Statement ("Motion").

25  / / /

26  / / /

27  / / /

MAC:14665-007 3122078_1 6/26/2017 3:27 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

This Motion is based upon the following Points and Authorities, all pleadings and papers on file herein, and any oral argument allowed by this Court at the time of hearing on this matter.

Dated this 26th day of June, 2017.

MARQUIS AURBACH COFFING

By    /s/ Chad F. Clement
Terry A. Coffing, Esq.
Nevada Bar No. 4949
Chad F. Clement, Esq.
Nevada Bar No. 12192
Jonathan B. Lee, Esq.
Nevada Bar No. 13524
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Richland Holdings, Inc.*
*d/b/a AcctCorp of Southern Nevada*

MAC:14665-007 3122078_1 6/26/2017 3:27 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

Within Plaintiff Michael Cutts' ("Plaintiff") Complaint, he alleges a claim under the Federal Debt Collection Practices Act ("FDCPA") claim and a bevy of state law claims due to Defendants' purported violations of the FDCPA. Nevertheless, the Complaint fails as a matter of law and must be dismissed in its entirety. In particular, with respect to Plaintiff's claims against AcctCorp, they fail as a matter of law as Plaintiff improperly seeks to collaterally attack the damages sought and awarded in the underlying case of *Richland Holdings, Inc. d/b/a AcctCorp of S. Nev. v. Michael Cutts*, No. 16C020177, Justice Court, Las Vegas Township, Clark County, Nevada (the "State Court Action"). As a result, under the *Rooker-Feldman* Doctrine, this Court lacks subject-matter jurisdiction to consider Plaintiff's claims. Plaintiff's claim for abuse of process is also inherently flawed by his own admission that he owed a debt upon which AcctCorp legitimately sought collection. Naturally, because Plaintiff's other causes of action fail, so too does his claim for civil conspiracy.

Ultimately, even if Plaintiff's factual allegations are taken as true and all inferences are made in his favor, his Complaint still fails to state a claim upon which relief may be granted, and this Court lacks subject-matter jurisdiction over the claims by which Plaintiff seeks to collaterally attack the damages awarded in the State Court Action. Therefore, AcctCorp respectfully requests that this Court dismiss the complaint in its entirety and with prejudice.

II. **STATEMENT OF FACTS**

This Court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding that documents filed in separate litigation are "readily verifiable and, therefore, the proper subject of judicial notice") (citation omitted); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("Although generally the scope of review on a

MAC:14665-007 3122078_1 6/26/2017 3:27 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  motion to dismiss for failure to state a claim is limited to the Complaint, a court may

2  consider evidence on which the complaint necessarily relies if: (1) the complaint refers to

3  the document; (2) the document is central to the plaintiff's claim; and (3) no party questions

4  the authenticity of the copy attached to the 12(b)(6) motion.") (citation and internal

5  quotation marks omitted).

6        The relevant facts surrounding this lawsuit are straightforward and are as follows:

7  PLAINTIFF'S UNDERLYING DEBT AND DEFAULT

8        1.    Plaintiff entered into a valid and binding contract with Clifford Molin, M.D.,

9  dba Zeeba Sleep Center Molin ("Molin"), on or about May 12, 2014, for the procurement of

10  medical services.[1]

11        2.    Plaintiff started to incur charges relating to the contract on or about May 12,

12  2014, and became delinquent in his account by failing to maintain his account through

13  regular payments, under the terms of their contract.[2]

14        3.    Plaintiff became delinquent on or about March 18, 2016, with an account

15  balance of $274.53, and a contractual collection fee of $137.27 was added for a total of

16  $411.80.[3]

17        4.    After Plaintiff became delinquent, his account was assigned by Molin to

18  AcctCorp, which began its efforts to recover the debt, including the filing and prosecution of

19  the State Court Action, which commenced on or about July 29, 2016.[4]

20  ///

21

22  ────────────────

23  [1] State Court Action, Appl. for Default J., Ex. 1 (*Aff./Decl. of Custodian of Records*), at ¶ 3 (filed Nov. 11, 2016), a complete copy of which Application is attached hereto for the Court's reference and convenience as **Exhibit 1**.

24  [2] *Id.*, at ¶ 4.

25  [3] *Id.*, at ¶ 5.

26  [4] State Court Action, Compl., (filed Oct. 3, 20156), a copy of which is attached hereto for the Court's reference and convenience as **Exhibit 2**.

27  Page 4 of 22

1    5.    The State Court Action ultimately resulted in the entry of an Order for
2 Default Judgment, which was entered on December 14, 2016, and filed on December 9,
3 2016.[5]

4    **PLAINTIFF BRINGS THE INSTANT LITIGATION IN BAD FAITH**

5    6.    On May 31, 2017, Plaintiff initiated the instant lawsuit to assert claims
6 intended to collaterally attack the bases for damages that were fully and finally adjudicated
7 nearly six months prior.[6]

8    As argued below, Plaintiff is absolutely prohibited from maintaining the instant
9 lawsuit.

10 **III.    LEGAL STANDARDS**

11    **A.    MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

12    The Court should dismiss any cause of action that fails to state a claim upon which
13 relief can be granted.  FRCP 12(b)(6); *see also N. Star Int'l. v. Ariz. Corp. Comm'n*, 720
14 F.2d 578, 581 (9th Cir. 1983).  Generally, the district courts do not consider any material
15 beyond the pleadings when ruling on a motion to dismiss pursuant to FRCP 12(b)(6).  *See*
16 *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990)
17 (citation omitted).  The Court may, however, take judicial notice of matters of public record
18 when considering such a motion.  *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th
19 Cir. 1986) (citation omitted), *abrogated on other grounds by Astoria Fed. Sav. & Loan*
20 *Ass'n v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166 (1991); *see also MGIC Indem. Corp. v.*
21 *Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial
22 notice of matters of public record outside the pleadings.") (citations omitted).

23 / / /

24 / / /

25

26 [5]   State Court Action, Order for Default J., (filed Dec. 9, 2016), a copy of which is attached hereto for the Court's reference and convenience as **Exhibit 3**.

27 [6] *See* Compl. [ECF No. 1], on file herein.

MAC:14665-007 3122078_1 6/26/2017 3:27 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**B.   MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

Under FRCP 12(b)(1), a party may assert a defense of lack of subject-matter jurisdiction by motion.  "If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action."  FRCP 12(h)(3) (emphases added).  As emphasized, dismissal in this case is mandatory, not permissive or discretionary.

"The *Rooker–Feldman* doctrine has evolved from the two Supreme Court cases from which its name is derived."  *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (2004) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303 (1983)).  "*Rooker–Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."  *Id.* (citation omitted).  "If a plaintiff brings a de facto appeal from a state court judgment, *Rooker–Feldman* requires that the district court dismiss the suit for lack of subject matter jurisdiction."  *Id.*; *see also Salman v. Rose*, 104 F. Supp. 2d 1255, 1258 (D.Nev. 2000) (recognizing that "the *Rooker–Feldman* doctrine dictates that federal courts lack subject matter jurisdiction, even if a State court judgment was erroneous or unconstitutional") (citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548 (7th Cir. 1999)).

To the extent Plaintiff's Complaint now challenges the bases for damages sought and awarded in the State Court Action, this Court lacks subject-matter jurisdiction.  AcctCorp posits that the entire Complaint is based on such challenges, so this Court should dismiss the complaint in its entirety and with prejudice.

**C.   MOTION FOR MORE DEFINITE STATEMENT**

FRCP 12(e) permits a part to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired...."

/ / /

MAC:14665-007 3122078_1 6/26/2017 3:27 PM

IV.   **LEGAL ARGUMENT**

  A. **PLAINTIFF'S CLAIMS ARE BARRED BY THE ROOKER-FELDMAN DOCTRINE AND THE PRINCIPLES OF ISSUE AND CLAIM PRECLUSION**

    1. **Plaintiff's Challenge of the Damages Sought by and Awarded to AcctCorp is Prohibited by the Rooker-Feldman Doctrine**

    Plaintiff's argument as to damages in the State Court Action should have been raised in the earlier proceedings but was not. Governing law prohibits Plaintiff from asserting such a collateral challenge to a final state court judgment in this subsequent federal litigation.

    Pursuant to FRCP 12(b)(1), any party may challenge a federal court's subject matter jurisdiction to hear the case before the court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). On a Rule 12(b)(1) motion, the plaintiff bears the burden of demonstrating subject matter jurisdiction. *See Sopak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). Under 28 U.S.C. § 1257, Congress has limited appellate jurisdiction over state court judgments to the United States Supreme Court. 28 U.S.C. § 1257. Accordingly, the Supreme Court has held that district courts may not adjudicate an action seeking to reverse or nullify a final state court judgment, commonly referred to as the *Rooker-Feldman* doctrine. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005). Additionally, courts cannot adjudicate issues "inextricably intertwined" with those adjudicated by the state court. *Id.* at 286.

    In particular, "[i]f issues presented in a federal suit are 'inextricably intertwined' with issues presented in a forbidden de facto appeal from a state court decision, *Rooker–Feldman* dictates that those intertwined issues may not be litigated." *Kougasian*, 359 F.3d at 1142 (citing *Feldman*, 460 U.S. at 483 n. 16, 103 S.Ct. 1303); *see also Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 481-82, 102 S.Ct. 1883 (1982) ("It has long been established that [28 U.S.C.] § 1738 does not allow federal courts to employ their own rules of res judicata [or claim preclusion] in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the

MAC:14665-007 3122078_1 6/26/2017 3:27 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1   State from which the judgment is taken.") (citation omitted); 28 U.S.C. § 1738 (dictating

2   that federal courts must give "full faith and credit" to state court judgments). A federal claim

3   is inextricably intertwined with the merits of a state-court judgment if the federal claim

4   succeeds only to the extent that the state court wrongly decided the issues before it. *Cooper*

5   *v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1,

6   25 (1987) (Marshall, J., concurring) (emphasis added).

7        In *Bell v. City of Boise*, 709 F.3d 890 (9th Cir. 2013), the Ninth Circuit explained

8   that "[t]he *Rooker–Feldman* doctrine forbids a losing party in state court from filing suit in

9   federal district court complaining of an injury caused by a state court judgment, and seeking

10  federal court review and rejection of that judgment." *Id.* at 897 (citation omitted;*see also*

11  *Williams v. Cavalry Portfolios Servs., LLC*, No. SACV 10-00255 JVS, 2010 WL 2889656,

12  at *3 (C.D. Cal. July 20, 2010) (where a district court observed that "[a] default judgment is

13  equivalent to an adjudication on the merits and absent extrinsic fraud, it is not grounds to

14  preclude the application of the *Rooker–Feldman* doctrine. (citing *Reusser v. Wachovia Bank,*

15  *N.A.,* 525 F.3d 855, 860 (9th Cir.2008). Although *Bell* delineates that "even if a plaintiff

16  seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the

17  plaintiff also alleges a legal error by the state court," and Plaintiff tries to disclaim any error

18  by the state court, the result of Plaintiff's instant challenge cannot be ignored. *Bell*, 709

19  F.3d at 897.(citations omitted).  In fact, other persuasive authority, from the Central District

20  of California, shows that while some claims may survive *Rooker-Feldman* dismissal, others

21  undoubtedly require dismissal. *See Riding v. CACH LLC*, 992 F. Supp. 2d 987, 994 (C.D.

22  Cal. 2014).  In *Riding*, the court listed the plaintiff's eight bases for relief under the FDCPA

23  but noted that the plaintiff's allegations of FDCPA violations relating to the amounts that the

24  defendants had asserted the plaintiff owed were barred. *See id.*

25  / / /

26  / / /

27  / / /

Page 8 of 22

The *Riding* court concluded that:

> the state court, by issuing a default judgment against Plaintiff, ***already determined that Plaintiff was liable for that debt.*** If this Court were to hold otherwise, it would undercut the state court ruling. Thus, ***to the extent that Plaintiff's FDCPA claims are premised on the proposition that Plaintiff is not liable for the debt, the Court finds that those claims are barred by the Rooker–Feldman Doctrine.***

*Id.* (citations omitted) (emphases added); *see also Grant v. Unifund CCR Partners*, 842 F. Supp. 2d 1234, 1239-40 (W.D.Cal. 2012) (dismissing, under the *Rooker-Feldman* doctrine, the plaintiff's claims relating to allegations (1) that plaintiff was never served in the state court action;  (2) that plaintiff does not owe the debt at issue in the state court action; (3) that defendant obtained money it should not have, and (4) that the affidavit submitted in support of the request for default judgment was "false and fraudulent," while allowing the FDCPA notice claim to proceed).  The court in *Fleming v. Gordon & Wong Law Grp., P.C.*, 723 F. Supp. 2d 1219 (N.D. Cal. 2010), faced a situation almost identical to the instant case and ultimately concluded as follows:

> Plaintiff's FDCPA claim is barred by the *Rooker–Feldman* doctrine. Plaintiff's alleged injury is based on her contention that only $149.98 remained due to Defendant when Defendant filed ... seeking $1869.00.  ***To evaluate Plaintiff's claim, the Court must determine the validity of the $1869.00 debt recognized by the state court ... Thus, adjudication of Plaintiff's FDCPA claim would undercut the state court's judgment and constitute a de-facto appeal.***

723 F. Supp. 2d at 1223 (emphasis added).

Here, Plaintiff's claims all relate to alleged "Collection Fee Violations," "§ 1692(g) Violations," "Interest Fee Violations," and "Default Judgment Violations," which are inextricably intertwined with the damages award in the underlying State Court Action because Plaintiff argues that the damages awarded were legally erroneous or otherwise not permitted by law.[7]

///

---

[7] *See* Compl. [ECF No. 1], at ¶¶ 14-22.

MAC:14665-007 3122078_1 6/26/2017 3:27 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Therefore, pursuant to *Rooker*, *Feldman*, and numerous decisions from the Ninth Circuit, including *Kougasian* and *Bell*, this Court lacks subject-matter jurisdiction and must dismiss Plaintiff's entire Complaint with prejudice.

2.   **Notwithstanding the Applicability of the Rooker-Feldman Doctrine, Plaintiff's Claims are Further Prohibited by the Principles of Issue Preclusion and Claim Preclusion**

In determining the preclusive effect of a State court judgment, federal courts "apply the forum state's law" relating to preclusion. *In re Plyam*, 530 B.R. 456, 462 (9th Cir. BAP 2015) (citations omitted).

Under Nevada law, claim preclusion is "a rule which precludes the parties from relitigating what is substantially the same cause of action." *Clark v. Clark*, 80 Nev. 52, 55-56, 389 P.2d 69, 71 (1964) (citation omitted). "On the other hand, [issue preclusion] … may apply even though the causes of action are substantially different, if the same fact issue is presented. As distinguished from [claim preclusion], it is the record of the former case rather than the judgment that stands as a barrier to relitigation." *Id.* at 56, 389 P.2d at 71 (footnote reference omitted); *see also Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1051, 194 P.3d 709, 711 (2008) (adopting the term "issue preclusion" to replace the term "collateral estoppel" and "claim preclusion" to replace the term "res judicata").

The *Clark* court explains the history of these principles throughout Nevada jurisprudence noting that, in each, "the facts essential to establish the cause of action pleaded in the first case were the same facts needed to prove the cause of action alleged in the later case, the prior record precluded relitigation." *Id.* n.2 (citing *Miller v. Miller*, 54 Nev. 44, 3 P.2d 1069 (1931), 54 Nev. 165, 11 P.2d 1088 (1932); *Silverman v. Silverman*, 52 Nev. 152, 283 P. 593 (1930) and *Vickers v. Vickers*, 45 Nev. 274, 199 P. 76 (1921), 202 P. 31 (1921)).

In this case, claim preclusion of what would have been compulsory counterclaims, as well as issue preclusion, both bar Plaintiff's causes of action in this matter.

/ / /

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

### a.    Plaintiff's claims are barred by claim preclusion

Pursuant to Nevada Rule of Civil Procedure ("NRCP") 13, which applied and governed in the underlying State Court Action,

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

NRCP 13(a).

Because all of Plaintiff's claims in this matter arose "out of the transaction or occurrence that [wa]s the subject matter of [Defendants'] claim [in the underlying State Court Action] and [did] not require … the presence of third parties of whom the court cannot acquire jurisdiction," those claims were compulsory counterclaims, effectively resolved by adjudication of the underlying proceeding.  *See Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 114 Nev. 823, 836, 963 P.2d 465, 474 (1998) (holding that compulsory counterclaims not previously brought are barred by claim preclusion).

Although Plaintiff may ultimately argue that the unpublished case of *Mostin v. GL Recovery, LLC*, No. SACV 09–0650 AG (ANx), 2010 WL 668808 (C.D. Cal. Feb. 19, 2010) is contrary to this position, upon closer examination of that decision, the Court will see that *Mostin* actually considered whether the ***debt collector's claims to collect*** the underlying debt were compulsory counterclaims ***to the plaintiff's FDCPA claims***.  *See id.* at *1.  This was particularly important under the FRCP because "federal courts have supplemental jurisdiction over compulsory counterclaims, but permissive counterclaims require their own jurisdictional basis."  *Taylor v. Bryant, Inc.*, 275 F. Supp. 2d 1305, 1306 (D. Nev. 2003) (citations omitted).  This case presents the opposite scenario – the Plaintiff's instant FDCPA claims were compulsory to the underlying breach of contract claims under then-governing[8] NRCP.  *See* NRCP 13(a).

---

[8] *See Plyam*, 530 B.R. at 462 (holding that in determining the preclusive effect of a State court judgment, federal courts "apply the forum state's law" relating to preclusion) (citations omitted).

MAC:14665-007 3122078_1 6/26/2017 3:27 PM

1    Therefore, Plaintiff is now prohibited by the doctrine of claim preclusion, the

2    *Executive Management* opinion, and NRCP 13(a) from bringing the claims he now asserts,

3    and his entire Complaint must be dismissed with prejudice.

**b.    Plaintiff's claims are barred by issue preclusion**

5    "The doctrine of [issue preclusion] is based upon the sound public policy of limiting

6    litigation by preventing a party who had one full and fair opportunity to litigate an issue

7    from again drawing it into controversy." *Thompson v. City of N. Las Vegas*, 108 Nev. 435,

8    439-40, 833 P.2d 1132, 1134-35 (1992) (citation omitted).   Under Nevada law, issue

9    preclusion requires that four factors are satisfied:

> (1) the issue decided in the prior litigation must be identical to the issue
> presented in the current action; (2) the initial ruling must have been on the
> merits and have become final; (3) the party against whom the judgment is
> asserted must have been a party or in privity with a party to the prior
> litigation; and (4) the issue was actually and necessarily litigated.

13   *Five Star*, 124 Nev. at 1055, 194 P.3d at 713 (alteration, internal quotation marks, and

14   footnote reference omitted).

15   In this case, Plaintiff raises an issue of the propriety of certain elements of damages

16   in the underlying proceeding, as it relates to the enforceability of relevant contract

17   provisions in the State Court Action.[9]   These exact issues were raised in the State Court

18   Action.[10]   Therein, the State court entered a ruling and final judgment.[11]   Indisputably, the

19   parties to this case and the State Court Action were not only in privity, they were identical.[12]

20   The issues were also actually and necessarily litigated in that the fees and interest which

21   Plaintiff now challenges were adjudicated and included in the final judgment amount.[13]

---

[9] *See, generally,* Compl. [ECF No 1], at ¶¶ 10-22.

[10] *See, generally,* Ex. 2 (asserting breach of contract, damages, and interest).   The Court may take judicial notice of these public records pursuant to Fed. R. Evid. 201(b).

[11] *See* Ex. 3.

[12] *See id.*

[13] *See id.*

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-007 3122078_1 6/26/2017 3:27 PM

Therefore, Plaintiff is prohibited by the doctrine of issue preclusion from attempting to re-litigate the issues adjudicated in the State Court Action, and his Complaint must be dismissed with prejudice in its entirety.

**B.   PLAINTIFF'S ABUSE OF PROCESS CLAIM FAILS AS A MATTER OF LAW GIVEN PLAINTIFF'S OWN FACTS**

**1.   Plaintiff's Own Facts Demonstrate the Frivolity of His Abuse of Process Claim**

"[T]he elements of an abuse of process claim are: (1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *LaMantia v. Redisi*, 118 Nev. 27, 30, 38 P.3d 877, 879 (2002) (footnote reference omitted).   Other federal courts have expressly ruled that

> Filing of a lawsuit is a 'regular' use of process, and therefore may not on its own fulfill the requirement of an abusive act, even if the decision to sue was influenced by a wrongful motive, purpose or intent.   And, although wrongful motive in the context of an abuse of process claim may be inferred from an improper act, the reverse is not true.

*Silva v. Lustig, Glaser & Wilson P.C.*, No. 15-cv-13673, 2016 WL 1301055, at * 4 (D.Mass. Apr. 1, 2016) (citing *Simon v. Navon*, 71 F.3d 9, 15-16 (1st Cir. 1995) (setting out elements of malicious prosecution and abuse of process analogous to the same claims under Nevada law); *Millennium Holdings, LLC v. Mahlowitz*, 456 Mass. 627, 636 (2010) (same).   Nevada has followed suit by directly holding "[w]e agree with the majority rule that filing a complaint does not constitute abuse of process." *Land Baron Inv. v. Bonnie Springs Family LP*, 131 Nev. Adv. Op. 69, 356 P.3d 511, 520 (2015).   Indeed, "the [abuse of process] claimant must provide facts, rather than conjecture, showing that the party intended to use the legal process to further an ulterior purpose." *Id.* (citing *LaMantia*, 118 Nev. at 31, 38 P.3d at 880 (holding that where the party presented only conjecture and no evidence that the opposing party actually intended to improperly use the legal process for a purpose other than to resolve the legal dispute, there was no abuse of process)).

/ / /

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-007 3122078_1 6/26/2017 3:27 PM

Here, according to Plaintiff's own allegations, a debt was owed to Molin by Plaintiff.[14]   The filing of the complaint in the State Court Action by AcctCorp, and the content of the complaint, in a legitimate attempt to recover all contractual damages owed by Plaintiff, is the sole basis for which Plaintiff now asserts an abuse of process claim. Plaintiff's attempt to plead abuse of process also fails because they plead no facts that make it plausible that AcctCorp or the other Defendants had an ulterior purpose other than resolving the admitted legal dispute.   Certainly, Plaintiff's challenge to the amount of damages sought by AcctCorp under the relevant contract does not establish a "use of the legal process not proper in the regular conduct of the proceeding" or "an ulterior motive." *LaMantia*, 118 Nev. at 30, 38 P.3d at 879.

Therefore, Plaintiff's abuse of process claim must be dismissed with prejudice on this basis as well.

**C.   PLAINTIFF'S DTP CLAIMS FAIL AS A MATTER OF LAW BECAUSE THE RELATIONSHIP BETWEEN PLAINTIFF AND ACCTCORP DID NOT INVOLVE THE SALE OF GOODS OR SERVICES**

Plaintiff's Deceptive Trade Practices ("DTP") claim fails because violations of Nevada's DTP statutory scheme are restricted to claims based on the sale or lease of goods or services and does not include debt collection practices.

Plaintiff alleged Defendants committed DTP by purportedly "engag[ing] in … unfair and deceptive debt collection and litigation activities …"[15] Similar to the other FDCPA claims, Plaintiff fails to specify what section of the applicable statute AcctCorp allegedly violated.

Because Plaintiff pleaded his DTP claim based on AcctCorp's alleged FDCPA violations, however, AcctCorp assumes Plaintiff is bringing this DTP action based on NEV.

---

[14] *See, generally,* Compl. [ECF No. 1], at ¶¶ 9 & 11.

[15] *See id.,* at ¶ 42.

MAC:14665-007 3122078_1 6/26/2017 3:27 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1   REV. STAT. § 598.0923, which contains a "borrowing" provision.   *Nev. v. Bank of Am.*

2   *Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) (citing NEV. REV. STAT. § 598.0923(3) (regarding

3   violation of "a state or federal statute or regulation relating to the sale or lease of goods or

4   services")).  Nevada has provided victims of consumer fraud, defined as a "deceptive trade

5   practice," a private right of action under this section.   *See* NEV. REV. STAT. 41.600(1)(e).

6   Accordingly, for Plaintiff to bring this action against Acctcorp for violations of the FDCPA,

7   this Court must conclude that the FDCPA relates to the sale or lease of goods and services.

8   Simply stated, it does not.

9       The FDCPA's "[c]ongressional findings and declaration of purpose" makes it

10   abundantly clear that the FDCPA does not relate to the purchasing or leasing of goods and

11   services, but instead regulates debt collection practices.  15 U.S.C. § 1692.  Specifically, the

12   FDCPA declares "[t]here is abundant evidence of the use of abusive, deceptive, and unfair

13   debt collection practices by many debt collectors[,]" and the FDCPA's purpose is "to

14   eliminate abusive debt collection practices by debt collectors …" 15 U.S.C. § 1692(a) & (e).

15   Notably absent from this statement is any declaration that the FDCPA is concerned with the

16   selling or leasing of goods and services.  The FDCPA also does not restrict its definition of

17   "consumer," and thus standing under the FDCPA, to individuals who purchased or leased

18   goods and services.  Instead, "consumer" is defined to mean "any natural person obligated

19   or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3).  This, again, illustrates the

20   FDCPA's true concern – regulation of the collection of debts, not the sale or lease of goods

21   and services.   *See, e.g., Lachi v. GE Capital Bank*, 993 F. Supp. 2d 1228, 1232 (S.D. Cal.

22   2014) (restricting standing under the FDCPA to individuals who are allegedly obligated to

23   pay a debt).

24       Moreover, in *Peatrowsky v. Persolve*, Judge Dorsey was presented with this same

25   issue and found that consumers may not borrow the FDCPA to allege a claim under

26   Nevada's DTP statutes.   *See Peatrowsky*, No. 2:12-CV-00935-JAD-VCF, 2014 WL

27   1215061, at *5 (D. Nev. Mar. 24, 2014); *see also Mallory v. McCarthy & Holthus, LLP*, No.

2:14-CV-00396-KJD, 2015 WL 2185413, at *3 (D. Nev. May 11, 2015).  In analyzing the issue, the court stated the consumer's "NDTPA claim [wa]s an attempt to shove her square facts into [a] round hole of Nevada law."  *Id.*  In addition, the court found that the consumer did not even allege the FDCPA violations committed related to the sale or lease of goods and services.  *See id.*  The court therefore dismissed the claim with prejudice.  *Id.*

As is evident from the Complaint [ECF No. 1] and the rationale from Judge Dorsey, summarized above, Plaintiff cannot allege a DTP claim based on a violation of the FDCPA. Simply stated, the FDCPA does not relate to the sale or lease of goods and services, but instead regulates debt collection practices.  Furthermore, Plaintiff did not plead that any purported violations of the FDCPA were remotely related to the selling or leasing of goods and services. This Court should, therefore, dismiss Plaintiff's Third Claim of Relief with prejudice.

**D.    ALTERNATIVELY, IF THE COURT DECLINES TO DISMISS PLAINTIFF'S DTP CLAIM, THEN PLAINTIFF MUST PROVIDE A MORE DEFINITE STATEMENT**

Should this Court disagree that Plaintiff's claims are (1) barred by principles of claim preclusion and issue preclusion, (2) prohibited by the *Rooker-Feldman* Doctrine, or (3) fail under FRCP 12(b)(6), then AcctCorp and Molin must be provided a more definite statement of Plaintiff's DTP claim.

Plaintiff's DTP claim "is so vague or ambiguous" that AcctCorp and Molin cannot reasonably prepare a response." FRCP 12(e).  The DTP claims are wildly deficient in that they merely cite, generally, to Chapter 598 of the Nevada Revised Statutes ("NRS") as the basis for such claims.  Chapter 598, however, contains ten (10) subsections that each defines a separate set of DTP.  *See, generally,* NRS §§ 598.0915, 598.0916, 598.0917, 598.0918, 598.092, 598.0921, 598.0922, 598.0923, 598.0924, & 598.0925.  Each of these statutory subsections further enumerates categories of conduct, some identifying as many as sixteen (16) sub-categories of violating conduct. *See id.*

/ / /

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-007 3122078_1 6/26/2017 3:27 PM

1    Certainly, AcctCorp cannot be expected to guess regarding on which of these nearly
2    one hundred (100) possible categories of conduct Plaintiff is basing his claims.  *See In re*
3    *Zappos.com, Inc.*, No. 3:12–cv–00325, 2013 WL 4830497, at \*5 (D.Nev. Sept. 9, 2013)
4    (requiring more definite statement of plaintiff's generally alleged claims of violation of
5    similar DTP statute of sister state); *see also TSC Research, LLC v. Bayer Chems. Corp.*, 552
6    F. Supp. 2d 534, 546 (M.D.N.C. 2008) (finding statement provided by plaintiff was
7    insufficient because it lacked sufficient detail of as to "any non-conclusory deceptive
8    statements which might spare this claim from dismissal"); *Young v. Wells Fargo & Co.*, 671
9    F. Supp. 2d 1006, 1015-16 (S.D. Iowa 2009) (requiring more definite statement of
10   "strikingly conclusory" presentation of DTP claims which provided nothing more than "the
11   general section of the relevant state statutory code containing consumer protection
12   provisions," which Plaintiffs fail to even provide here).

13       Therefore, to the extent Plaintiff's DTP claims survive any of the multitude of
14   mandatory bases for dismissal in this matter, a more definite statement setting forth (1)
15   under what category of DTP Plaintiff brings the claim and (2) what facts support such
16   claims is necessary in order for AcctCorp to reasonably prepare a response.

17   **E.    BECAUSE   PLAINTIFF'S   CIVIL   CONSPIRACY   CLAIM
18          CORRESPONDS TO HIS LEGALLY UNSUSTAINABLE FDCPA
           ALLEGATIONS, THE CIVIL CONSPIRACY CLAIM MUST ALSO
19          BE DISMISSED**

20       "An actionable civil conspiracy consists of a combination of two or more persons
21   who, by some concerted action, intend to accomplish an unlawful objective for the purpose
22   of harming another, and damage results from the act or acts." *Consol. Generator-Nev., Inc.*
23   *v. Cummins Engine Co., Inc.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998) (citations
24   and internal quotation marks omitted).  As the Nevada Supreme Court has long held, "it is
25   necessary for the act in furtherance of the conspiracy to constitute an actionable tort."
26   *Eikelberger v. Tolotti*, 96 Nev. 525, 527, 611 P.2d 1086, 1088 (1980).

27

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-007 3122078_1 6/26/2017 3:27 PM

Here, where Plaintiff's non-conspiracy claims fail as a matter of law or are all barred by (1) the principles of issue and claim preclusion and (2) the *Rooker-Feldman* Doctrine, there exists no "actionable tort" upon which Plaintiff can maintain a conspiracy cause of action.  Accordingly, AcctCorp respectfully requests that the Court dismiss this claim with prejudice as well.

### F.   PLAINTIFF'S MISREPSENTATION CLAIM FAILS AS A MATTER OF LAW AS WELL

#### 1.   Plaintiff Failed to Plead His Misrepresentation Claim With Particularity as Required by FRCP 9

In pleading fraud claims, the circumstances of the purported fraud are required to be stated with particularity. Fed. R. Civ. P. 9(b); *Brown v. Kellar,* 636 P.2d 874, 874 (Nev. 1981) ("The circumstances that must be detailed include averments to the time, the place, the identity of the parties involved, and the nature of the fraud or mistake.").  While Plaintiff claims AcctCorp knowing[ly] [sic] or negligently made false representations, Plaintiff does not identify what purported misrepresentations were actually made.  Also, he fails to allege the requisite who, what, where, when and how of the alleged misrepresentation. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  Accordingly, Plaintiff's claim for misrepresentation fails to meet the heightened pleading standard required for such claims. Fed. R. Civ. P. 9(b).

Moreover, in a case with multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP,* 476 F.3d 756, 764-65 (9th Cir. 2007).

/ / /

/ / /

/ / /

/ / /

MAC:14665-007 3122078_1 6/26/2017 3:27 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1       Plaintiff's misrepresentation claim simply does not meet this standard; instead,

2   Plaintiff's allegations are at best vague and conclusory. Accordingly, dismissal of Plaintiff's

3   misrepresentation claim is warranted on this basis alone.[16]

4            **2.**     **Plaintiff Does Not Have Standing to PursueAany Purported**

5                    **Misrepresentations Made to the State Court**

6       Within paragraph 49 of Plaintiff's Complaint, Plaintiff avers that "the Court

7   justifiably relied upon the Defendants [supposed] misrepresentation." Due to the

8   inartfulness of Plaintiff's Complaint, it is not clear whether Plaintiff is seeking relief on the

9   State Court's behalf. To the extent that he is, Plaintiff does not have standing to pursue any

10   claims on behalf of the State Court.

11            **3.**     **Plaintiff's Claim for Misrepresentation Fails as a Matter of Law**

12       Lastly, even if the Court were to accept the averments within Plaintiff's Complaint

13   as true, Plaintiff's misrepresentation claim(s) still fails as a matter of law. Importantly,

14   Nevada recognizes two distinct forms of misrepresentation: intentional and negligent

15   misrepresentation. To prevail on a claim for intentional misrepresentation, a plaintiff has the

16   burden of proving by clear and convincing evidence: (1) a false representation made by the

17   defendant; (2) defendant's knowledge or belief that the representation is false (or

18   insufficient basis for making the representation); (3) defendant's intention to induce the

19   plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) ***plaintiff's***

20   ***justifiable reliance upon the misrepresentation***; and (5) damage to the plaintiff resulting

21   from such reliance. *Lubbe v. Barba*, 91 Nev. 596, 599, 540 P.2d 115, 117 (1975) (emphasis

22   added).

23       In contrast, the tort of negligent misrepresentation is established: (1) when, in the

24   course of one's business, profession, or employment (or in any other action in which a

25

---

26   [16] Pursuant to the arguments outline in Section G3 of this Motion, no amendment would cure Plaintiff's pleading defects; therefore, dismissal with prejudice is warranted on Plaintiff's

27   misrepresentation claim.

MAC:14665-007 3122078_1 6/26/2017 3:27 PM

1   defendant has a pecuniary interest), (2) a defendant supplies false information for the

2   guidance a claimant in their business transactions,[17] and (3) the claimant suffers pecuniary

3   loss due to their *justifiable reliance upon the defendant's false information*. *See Barmettler*

4   *v. Reno Air, Inc.*, 114 Nev. 441, 449, 956 P.2d 1382, 1387 (1998) (emphasis added).

5        Here, under either theory of liability, Plaintiff's misrepresentation claim fails as a

6   matter of law because Plaintiff was not induced into action nor relied upon the Defendants'

7   purported false information.  The record is clear that the Plaintiff did not act or rely on the

8   Defendants' representations at all in the underlying State Court Action – which is why a

9   default judgment was entered against Plaintiff.   Accordingly, Plaintiff cannot maintain an

10  action for intentional or negligent misrepresentation pursuant to the facts alleged within

11  Plaintiff's complaint.

12  / / /

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24

25  [17] One can only infer that the purported misrepresentation complained of in Plaintiff's Complaint
    concerned "misrepresenting the amount of Debt" owed to the Defendants by Plaintiff. *See* Compl. at
26  ¶ 19.  However, even if this constituted a misrepresentation – which the Defendants are conceding –
    pursuant to Plaintiff's very own Complaint, he did not act or rely on this purported
27  misrepresentation. Instead, a default judgment was entered against him.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-007 3122078_1 6/26/2017 3:27 PM

V.       **CONCLUSION**

Given the *Rooker-Feldman* doctrine and principles of issue preclusion and claim preclusion, Plaintiff should be prohibited from maintaining any part of his Complaint. Moreover, Plaintiff's deceptive trade practice, abuse of process, and civil conspiracy claims fail as a matter of law, and should also be dismissed with prejudice. Based on the foregoing arguments, AcctCorp respectfully request that this Honorable Court dismiss Plaintiff's Complaint in its entirety and with prejudice.

Dated this 26th day of June, 2017.

MARQUIS AURBACH COFFING


By _____/s/ Chad F. Clement_____
Terry A. Coffing, Esq.
Nevada Bar No. 4949
Chad F. Clement, Esq.
Nevada Bar No. 12192
Jonathan B. Lee, Esq.
Nevada Bar No. 13524
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Richland Holdings, Inc.*
*d/b/a AcctCorp of Southern Nevada*

MAC:14665-007 3122078_1 6/26/2017 3:27 PM

1

## CERTIFICATE OF SERVICE

2

I hereby certify that I electronically filed the foregoing **DEFENDANT RICHLAND**

3   **HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA'S MOTION TO**

4   **DISMISS   OR,   ALTERNATIVELY,   MOTION   FOR   MORE   DEFINITE**

5   **STATEMENT** with the Clerk of the Court for the United States District Court by using the

6   court's CM/ECF system on the 26th day of June, 2017.

7        ☒        I further certify that all participants in the case are registered CM/ECF users

8   and that service will be accomplished by the CM/ECF system.

9        ☐        I further certify that some of the participants in the case are not registered

10   CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid,

11   or have dispatched it to a third party commercial carrier for delivery within 3 calendar days

12   to the following non-CM/ECF participants:

13                    The Law Office of Vernon Nelson
                        Vernon A. Nelson, Jr. Esq.
14                      9480 S. Eastern Ave., Ste. 244
                        Las Vegas, NV  89123
15                      Tel:  702-476-2500
                        Fax:  702-476-2788
16                      vnelson@nelsonlawfirmlv.com
                        *Attorneys for Plaintiff*
17

18                    Ropers, Majeski, Kohn & Bentley
                        Stephen J. Erigero, Esq.
19                      Timothy J. Lepore, Esq.
                        3753 Howard Hughes Parkway, Suite 200
20                      Las Vegas, Nevada 89169
                        Stephen.erigero@rmkb.com
21                      timothy.lepore@rmkb.com
                        *Attorneys for the Langsdale Law Firm, P.C.*
22

23

24

25                                    /s/ Penny M. Williams
                                        Penny M. Williams, an employee of Marquis
                                        Aurbach Coffing
26

27

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14665-007 3122078_1 6/26/2017 3:27 PM

# Exhibit 1
# Application for Default Judgment

Las Vegas Justice Court
Electronically Filed
11/11/2016 4:13:23 PM
Joe Bonaventure
CLERK OF THE COURT

1    **APPL**
     CALEB J. LANGSDALE, ESQ.
2    Nevada State Bar No. 10388
     **THE LANGSDALE LAW FIRM, P.C.**
3    1800 E. Sahara Ave., Ste 103
     Las Vegas, NV 89104
4    Telephone: 702-399-6666
     Facsimile: 702-543-2592
5    Email:     Caleb@LangsdaleLaw.com
     *Attorney for Plaintiff*

6

7                **JUSTICE COURT, LAS VEGAS TOWNSHIP**

8                  **CLARK COUNTY, NEVADA**

9

10   RICHLAND HOLDINGS, INC.,
     d/b/a ACCTCORP OF SOUTHERN NEVADA,
     A NEVADA CORPORATION,

11

12              Plaintiff,             Case No.    16C020177
                            Dept. No.    3
13                vs.

     MICHAEL CUTTS,
14

             Defendant.
15

16                 **APPLICATION FOR DEFAULT JUDGMENT**

17       **COMES NOW**, Plaintiff and moves the above-entitled Court to enter a Default Judgment in favor of

18   Plaintiff and against Defendant, **MICHAEL CUTTS** and Plaintiff respectfully requests that the Default

19   Judgment include the following:

20       The sum of **$411.80** (including *Contractual Collection Fees*), which represents the amount due and

21   owing to Plaintiff through the signing of this Application for Default Judgment.

22       Plaintiff asks that this amount be reduced to Judgment, plus *Statutory Interest* at the *Maximum Legal*

23   *Rate* from the date of *Order Of Judgment*, plus *Costs* of suit in the amount of **$111.50**, and reasonable

24   *Attorney's Fees*.

25       Plaintiff asks that interest accrue on the entire Judgment amount at the *Maximum Legal Rate* from the

26   date of *Order Of Judgment* until paid in full.

27

28

                                 1

1      This Application is made on the grounds that a Default has been entered against said Defendant for

2  failure to answer or otherwise defend as to the Complaint on behalf of Plaintiff, and that said Defendant is not

3  in the military service of the United States nor an infant nor an incompetent person.

4      In support of this Application, attached as Exhibit 1 are the Exhibits and Custodian Of Records

5  Affidavit, and all records, papers, files and pleadings on file herein.

6    **DATED** this November 11th, 2016.

7                            **THE LANGSDALE LAW FIRM, P.C.**

8                            */S/ CALEB J. LANGSDALE, ESQ.*

9                            CALEB J. LANGSDALE, ESQ.
Nevada State Bar No. 10388

10                         *Attorney for Plaintiff*

1  **MOC**
   CALEB J. LANGSDALE, ESQ.
2  Nevada State Bar No.  10388
   **THE LANGSDALE LAW FIRM, P.C.**
3  1800 E. Sahara Ave., Ste 103
   Las Vegas, NV 89104
4  Telephone:  702-399-6666
   Facsimile:  702-543-2592
5  Email:     Caleb@LangsdaleLaw.com
   *Attorney for Plaintiff*
6
                    **JUSTICE COURT, LAS VEGAS TOWNSHIP**
7                        **CLARK COUNTY, NEVADA**

8  RICHLAND HOLDINGS, INC.,                    )
   d/b/a  ACCTCORP OF SOUTHERN NEVADA,         )
9  A NEVADA CORPORATION,                       )
                                               )
10              Plaintiff,                      )
                                               )     Case No.    16C020177
11              vs.                             )     Dept. No.   3
                                               )
12 MICHAEL CUTTS,                              )
                                               )
13              Defendant.                      )

14 <u>**MEMORANDUM OF COSTS, DISBURSEMENTS, AND FEES**</u>

15 Clerk Filing Fees (Including E-Filing Fees). ................................................   $     81.50

16 Service of Process................................   ................................................   $     30.00

17                    **TOTAL**                                              $    <u>**111.50**</u>

18

19        The following Attorney's Fees are requested as reasonable and necessary for the prosecution of this

20 action and are incurred pursuant to an agreement between Plaintiff and Plaintiff's Counsel:

| TASK | TIME | HOURLY | AMOUNT |
|------|------|--------|--------|
| Draft Complaint and Summons | 1.0 | $250.00 | $250.00 |
| Direct and Manage Service | .03 | $250.00 | $75.00 |
| Direct Filing and Calendaring of Service | .02 | $250.00 | $50.00 |
| Draft Default Judgment Packet | 1.3 | $250.00 | $325.00 |
| Direct and Serve Notice of Entry of Judgment | .02 | $250.00 | $50.00 |
| **TOTALS** | **3.0** | | **$750.00** |

3

1 | STATE OF NEVADA ) 
                            ) ss.

2 | COUNTY OF CLARK )

3       CALEB J. LANGSDALE, ESQ., being duly sworn, states that Affiant is the Attorney for Plaintiff and

4 has personal knowledge of the above costs and disbursements expended; that the items contained in the above

5 Memorandum are true and correct to the best of this Affiant's knowledge and belief; and that the said

6 disbursements have been necessarily incurred and paid in this action.

THE LANGSDALE LAW FIRM, P.C.



CALEB J. LANGSDALE, ESQ.
Nevada State Bar No. 10388
*Attorney for Plaintiff*

**SUBSCRIBED AND SWORN** to before me this

11 day of November, 2016.

NOTARY PUBLIC

AMANDA PATTERSON
NOTARY PUBLIC
STATE OF NEVADA
Appt. No. 15-3223-1
My Appt. Expires Sept. 8, 2019

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

Department of Defense Manpower Data Center

Results as of : Nov-01-2016 09:34:18 AM

SCRA 3.0



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: <u>CUTTS</u>
First Name: <u>MICHAEL</u>
Middle Name:
Active Duty Status As Of: <u>Nov-01-2016</u>

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Last Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ý 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via this URL: https://kb.defense.gov/PublicQueries/publicQuestions/FaqsAnswers.jsp?Subject=Locating Service Members or Getting a Mailing Address. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ý 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"
Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases
Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: H22AO8A2J408F40

10/03/2016   12:06                                    (FAX)                    P.001/003

10/03/2016   09:17   7022479982              ACCTCORP                 PAGE   01/03

## ACCTCORP OF SOUTHERN NEVADA

4955 S. DURANGO, SUITE 177
LAS VEGAS, NV 89113-0155...
Phone (702) 240-3007   Fax: (702) 247-9802...
E-Mail:acctcorp@lvcoxmail.com...
www.acctcorpsn.com

> **CONFIDENTIAL**
> **LEGAL**
> **AUTHORIZATION**

### FACSIMILE TRANSMITTAL SHEET

TO: **SANDRA// VICKIE ANDERSON**          FROM: AME

CLIENT: **CLIFFORD MOLIN M.D**            DATE: 09/28/2016

FAX NUMBER: **702-982-4368**              TOTAL PAGES INCLUDING COVER   **1**

TELEPHONE: 702-382-1899                   CLIENT EMAIL:

RE: **PLEASE SIGN AND FAX BACK**

[X] URGENT          [X] PLEASE REPLY

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM OR WHICH IT IS ADDRESSED
AND MAY CONTAIN CERTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE
UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR
AGENT RESPONSIBLE FOR DELIVERING THIS MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT
ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE (COLLECT) AND RETURN
THE ORIGINAL MESSAGE TO THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

NOTE:  WE ARE PREPARING TO FILE SUIT, ON YOUR BEHALF, AGAINST THE FOLLOWING CONSUMER. WE ARE REQUESTING
AUTHORIZATION TO FILE LEGAL ACTION, ON YOUR BEHALF, IN THE NAME OF RICHLAND HOLDINGS, INC., A NEVADA
CORPORATION, D/B/A/ ACCTCORP INT'L OF SOUTHERN NEVADA.

AS PER THE TERMS OF OUR ASSIGNMENT ACCTCORP OF SOUTHERN NEVADA ASSUMES FULL RESPONSIBILITY FOR;
FILING FEES, SERVICE OF SUMMONS FEES, COURT COSTS AND ATTORNEY FEES INCURRED AND WILL RECOVER THEM
FROM THE DEBTOR, AS PER FEDERAL AND STATE STATUTES.

LAST CHARGE DATE : **02/18/2016**          CLIENT ACCOUNT NO: **13358**

BALANCE ASSIGNED: **$274.53**             ACCTCORP ACCOUNT NO **169548-1**

NAME OF PATIENT(S): **MICHAEL CUTTS**

RESPONSIBLE PERSON(S)      **SAME AS ABOVE**

ACCTCORP OF SOUTHERN NEVADA IS HEREBY AUTHORIZED TO FILE SUIT ON THE ACCOUNT NOTED ABOVE.
THE ACCOUNT, BY VIRTUE OF OUR ASSIGNMENT WITH YOU IS HEREBY; ASSIGNED, TRANSFERRED, AND SET
OVER UNTO, ACCTCORP OF SOUTHERN NEVADA WITH FULL POWER AND AUTHORITY TO DO AND PERFORM
ALL ACTS NECESSARY FOR COLLECTION, SETTLEMENT, ADJUSTMENT, COMPROMISE OR SATISFACTION OF
SAID CLAIM.

CONTINGENCY FEE FOR THIS SUIT WILL BE AS PER ASSIGNMENT, OF ALL PRINCIPAL COLLECTED.
FURTHERMORE, IF THIS MATTER SHOULD GO TO TRIAL, THAT I/ WE WILL PROVIDE ALL THE EVIDENCE AND
DOCUMENTATION, FOR SAID CLAIM, THAT MAY BE REQUIRED FOR SERVICES RENDERED.

H.I.P.A.A. COMPLIANCE: Our Office, Staff and Associates are conversant with and abide by the Rules, Regulations and Statutes
relevant to the protocols of law regarding the Federal Law governing the protection of Individual Consumer / Patient Privacy.

PRIVACY POLICY: We do not share "Non Public Information" with any "Third Parties or Entities" All information provided shall
be kept confidential and we shall treat same as privileged. Past due debts will be reported to the National Credit Bureaus in
accordance and compliance with all F.D.C.P.A. and F.C.R.A. Federal Statutes.

AUTHORIZED SIGNATURE: _____ DATE: **10/3/2016**

## AFFIDAVIT / DECLARATION OF CUSTODIAN OF RECORDS

STATE OF NEVADA          )
                         ) ss.
COUNTY OF CLARK          )

Comes now __Clifford Molin m.D.__ who after being duly sworn, under all penalties of perjury disposes and says:

1.  That the Affiant is the Custodian of Records of **CLIFFORD MOLIN M.D.** and in such capacity, is the custodian of records of the office or institution.

2.  In the connection with the assignment of this account to collection, Affiant was requested to produce true and correct copies of the billings pertaining to **MICHAEL CUTTS** .

3.  That **MICHAEL CUTTS,** _ entered into a valid and binding contract with **CLIFFORD MOLIN M.D.** on **05/12/2014** , for the procurement of medical services.

4.  That **MICHAEL CUTTS,** _started to incur charges relating to the contract on or about **05/12/2014** and became delinquent in their account by failing to maintain their account through regular payments, under the terms of their contract.

5.  That **MICHAEL CUTTS,** became delinquent on **03/18/2016** with an account balance of **$274.53**. A contractual collection fee of **$137.27** was added for a total of **$411.80**.  .

6.  That after unsuccessfully attempting to collect the outstanding balance of the account from **MICHAEL CUTTS,** the account was assigned to Richland Holdings dba Acctcorp of Southern Nevada on **07/29/2016** .

7.  That the Affiant has examined the Original of the contract and made a true and exact copy of it and that the reproduction of the contract attached hereto is true and complete.

8.  That the Affiant has examined the original of those billing records and had made a true and exact copy of them and that the reproduction of them attached hereto is true and complete.

///

///

///

9.      That the original of those records was made at or near the time of the acts, events, conditions, opinions, or diagnosis recited therein by or from information transmitted by a person with knowledge in the course of a regularly conducted activity of the Affiant of the office or institution in which the Affiant is engaged.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

By:_____

Its:____DHYSICIAN____

SUBSCRIBED and SWORN to before me this _____ day of _____, 2016.

_____
NOTARY PUBLIC

OR: ONE OF THE FOLLOWING: Per NRS 53.045

   (a) If executed in this state (Nevada): "I declare under penalty of perjury that the foregoing is true and correct."

Executed on ____10/3/2016____          _____
                  (Date)                           (Signature)

   (b) If executed outside this state (Nevada): "I declare under penalty of perjury under the State of Nevada that the foregoing is true and correct."

Executed on _____          _____
                  (Date)                           (Signature)

**Clifford Molin, M.D. ~ Peter Philander, M.D. ~**
**Stephanie Lehrner, D.O. ~ Jarvis Olsen, FNP ~ Zeeba Sleep Center**

Date_____                                        PATIENT NO._____

## PATIENT INFORMATION – INFORMACION DE PACIENTE

| PATIENT INFORMATION |  |  |  |
|---|---|---|---|
| PATIENT NAME (LAST, FIRST, MI) – NOMBRE DE PATIENTE (APELLIDO,NOMBRE,MI) CUTTS Michael L | | | SSN – SEGURO SOCIAL |
| HOME NUMBER – TELEFONO 702 805 3227 | SEX - SEXO | DOB – FECHA DE NACIMIENTO | AGE - EDAD    MARTIAL STATUS – ESTADO MATRIMONIAL |
| ADDRESS - DIRECCION 7189 S. Durango Dr # 303 | | | APT/SPACE/UNIT# 303 |
| CITY – CIUDAD Los Vegas | | STATE – ESTADO NV | ZIP – ZONA POSTAL 89113 |
| RACE- RAZA ___ African American ___ American Indian ___ Asian ___ Pacific Islander ___ White | | ETHNICITY-ETNICO Latino   Non-Latino | LANGUAGE- LENGUAJE |
| PATIENT'S EMPLOYER – NOMBRE DEL EMPLEADOR | | OCCUPATION – OCUPACION | |
| EMPLOYER'S ADDRESS – DIRECCION DEL EMPLEADOR | | | TELEPHONE – TELEFONO |
| CITY – CIUDAD | | STATE – ESTADO | ZIP – ZONA POSTAL |

| ER | | | |
|---|---|---|---|
| NOTIFY IN CASE OF EMERGENCY | PHONE - TELEFONO | RELATIONSHIP – RELACION | |
| ADDRESS – DIRECCION | CITY - CIUDAD | STATE – ESTADO | ZIP – ZONA POSTAL |

## RESPONSIBLE PARTY – REPRESENTABLE DE RESPONSIBLE

| RESPONSIBLE PARTY | | | |
|---|---|---|---|
| GUARANTOR NAME (LAST, FIRST, MI) – PERSONA RESPONSIBLE | | SSN – SEGURO SOCIAL | |
| ADDRESS – DIRECCION | | TELEPHONE – TELEFONO | |
| CITY – CIUDAD | STATE – ESTADO | ZIP – ZONA POSTAL | |
| GUARANTOR EMPLOYER – EMPLEADOR | OCCUPATION - OCUPACION | | |
| GUARANTOR EMPLOYER'S ADDRESS – DIRECCION DEL EMPLEADOR | | TELEPHONE – TELEFONO | |
| CITY – CIUDAD | STATE – ESTADO | ZIP – ZONA POSTAL | |

| ER | | |
|---|---|---|
| REASON FOR VISIT - RASON POR SU VISITA | REFERRING PHYSICIAN - DOCTOR DE PREFERENCIA | HOW DID YOU HEAR ABOUT OUR OFFICE? |

## INSURANCE INFORMATION – ASEGURANZA INFORMACION

| PRIMARY INS | | | | |
|---|---|---|---|---|
| PRIMARY INSURANCE CO – PRIMARIA ASEGURANZA | | TELEPHONE - TELEFONO | | |
| ADDRESS – DIRECCION | CITY – CIUDAD | STATE – ESTADO | ZIP – ZONA POSTAL | |
| POLICY HOLDER'S NAME – NOMBRE DE EL ASEGURADO | DOB - FECHA DE NACIMIENTO | | SSN – SEGURO SOCIAL | |
| RELATIONSHIP TO PATIENT – RELACION CON EL PATIENTE | POLICY HOLDER'S EMPLOYER – NOMBRE DEL EMPLEADOR DEL ASEGURO | | | |
| PLOICY NUMBER – NUMERO DE POLIZA | GROUP NUMBER – NUMERO DE GRUPO | | EFFECTIVE DATE – FECHA DE EFECTO | |

| SECONDARY INS | | | | |
|---|---|---|---|---|
| SECONDARY INSURANCE CP – ASEGURANZA SEGUNDARIA | TELEPHONE – TELEFONO | | | |
| ADDRESS – DIRECCION | CITY – CIUDAD | STATE – ESTADO | ZIP – ZONA POSTAL | |
| POLICY HOLDER'S NAME – NOMBRE DE EL ASEGURADO | DOB - FECHA DE NACIMIENTO | | SSN – SEGURO SOCIAL | |
| RELATIONSHIP TO PATIENT – RELACION CON EL PATIENTE | POLICY HOLDER'S EMPLOYER – NOMBRE DEL EMPLEADOR DEL ASEGURO | | | |
| PLOICY NUMBER – NUMERO DE POLIZA | GROUP NUMBER – NUMERO DE GRUPO | | EFFECTIVE DATE – FECHA DE EFECTO | |

| PHARMACY | | |
|---|---|---|
| PHARMACY- FARMACIA | PHONE NUMBER- NUMERO DE TELEFONO | |
| PHARMACY ADDRESS- DIRECCION DE FARMACIA | FAX NUMBER- NUMERO DE FAX | |

EMAIL:

The above information is complete and correct. I hereby authorize release of information necessary to file a claim with my insurance company and I assign benefits otherwise payable to me to the doctor or group indicated on the claim. I understand that I am financially responsible for all charges for medical services rendered regardless of insurance coverage. A copy of the signature is as valid as the original.

La información obtenida es completa y correcta. Por este medio usted autoriza el desclosamiento de información necesaria al hacer reclamos con mi aseguranza. Tambien asigno beneficios que de otra manera serian pagados a mi a que sean asignados a mi doctor o grupo indicado en el relamo. Yo entiendo de que soy responsible por doctors los cargos relacionados a servicios medicos prestados independentiemental tipo de aseguranza.

| PATIENT SIGNATURE | DATE 2/18/16 | GUARANTOR SIGNATURE | DATE |
|---|---|---|---|

**Clifford Molin, MD , Stephanie Lehrner, DO**
**Juwaun Hinkle, P.A. , Jarvis Olsen, FNP**
**Tammy Collander, APRN, Patricia Prince, MD.**
**Zeeba Sleep Center**
2481 Professional Ct ~ Las Vegas NV 89128
Phone: 702-382-1599    Fax: 702-240-4962

### *Financial Policy*

We are committed to providing you with the best possible care. <u>We must emphasize</u> <u>that as medical care providers, our relationship is with you, not your insurance</u> <u>company.  Your insurance is a contract between you, your employer and the</u> <u>insurance company, we are not party to that contract.</u>  All charges are your responsibility from the date of service rendered.  We realize that insurance companies need processing time; however, all charges will become due and payable if the insurance company does not reimburse Clifford Molin, MD, Jarvis Olsen, APRN, Stephanie Lehrner, DO, Juwaun Hinkle, PA, Tammy Collander, APRN, Patricia Prince, MD. within 90 days or within the guidelines mandated by the NV state Board Bill #SB145.

Please familiarize yourself with your insurance policy and its requirements.  Many companies require a referral from the primary care physician.  <u>We will attempt to</u> <u>obtain these as a courtesy; however, the policy holder must be pro-active in</u> <u>assuring the requirements are met prior to the visit.</u>

If you have medical insurance, with which we are contracted, we will bill your insurance company.  All deductibles, co-payments and non-covered items are due at the time of check-in.

Collection Fees Policy:  Patient name:  *Michael Cutts* .

I, *Michael Cutts* (parent /guardian name), hereby agree to be financially responsible for all charges incurred regardless of insurance coverage.  In the event my account is referred to a collection service due to lack of payment on my part, I agree to pay all collection / legal fees that may be added to my account.

_____        *2/18/16*
Signature of patient, parent / guardian        Date

**Returned Checks:**  A $25 non-sufficient funds fee will be charges for checks initially returned unpaid by your bank.  We repost and forward all returned checks to Clark County District Attorney's office.        INITALS: *MC*
**No Show Fees:** There is a $25 no-show/late-cancellation fee. All appointments must be cancelled by 3 p.m. of the previous day. Insurance will not cover charges for no-show/late-cancellation.        INITALS: *MC*
**Sleep Study No Show Fees:** There is a $200 no-show/late-cancellation fee. All appointments must be cancelled 24hrs prior to your appointment time. Insurance will not cover charges for no-show/late-cancellation.        INTIALS: *MC*

# Patient Ledger

Service Dates: All

Posting Dates: All

Financial Centers: All

Service Sites: All

Rendering Providers: All

Voids Included In Ledger

| | | | |
|---|---|---|---|
| Responsible Party: | Cutts, Michael<br>8600 Starboard Dr<br>Apt 1040<br>Las Vegas, NV  89117 | Current Total Amount Billed: | $952.50 |
| | | Current Total Payments: | $90.72 |
| | | Current Total Patient Payments: | $0.00 |
| | | Current Last Patient Payment: | |
| Daytime Phone: | (702)290-4361 | Current Total Insurance Payments: | $90.72 |
| Patient: | Cutts, Michael | Last Insurance Payment: | 06/25/2014 |
| Account: | Main | Last Statement Date: | 06/01/2016 |
| | | Current Patient Liability: | $274.53 |
| | | Current Insurance Liability: | $0.00 |

### *CLIFFORD MOLIN M.D.*
### *STEPHANIE LEHRNER D.O.*
### *PETER PHILANDER M.D.*



Date _6-21-16_

The following account is being submitted to you for consideration to be forwarded to Account Corp collection agency.
We have exhausted all avenues to collect this debt.

Patient _Michael Cutts_

Account#_____

Amount owed on account _$274.53_

Please indicate how to proceed and return to _▾_     _____

_✓_Send to collections                          Statistics

                                    Last pt pymnt _Never_
                                    Last pt visit _2-18-16_
                                    Stopped stmts _6-20-16_
                                    # of stmts ___11___
                                    # of calls ___3___

_____Write off account

_____
    Physician Signature

# Exhibit 2
# Complaint for Breach of Contract and Monies Due and Owing

Las Vegas Justice Court
Electronically Filed
10/3/2016 3:54:43 PM
Joe Bonaventure
CLERK OF THE COURT

CALEB J. LANGSDALE, ESQ.
Nevada State Bar No. 10388
**THE LANGSDALE LAW FIRM, P.C.**
1800 E. Sahara Ave., Ste 103
Las Vegas, NV 89104
Telephone: 702-399-6666
Facsimile: 702-543-2592
Email: Caleb@LangsdaleLaw.com
*Attorney for Plaintiff*

## JUSTICE COURT, LAS VEGAS TOWNSHIP
## CLARK COUNTY, NEVADA

RICHLAND HOLDINGS INC.,
d/b/a ACCTCORP OF SOUTHERN NEVADA,
A NEVADA CORPORATION,

        Plaintiff,

vs.

MICHAEL CUTTS,

        Defendant

CASE NO.: 16C020177

DEPT. NO.: Department #: LVJC 3

## COMPLAINT FOR BREACH OF
## CONTRACT AND MONIES DUE AND OWING

COMES NOW, Plaintiff, RICHLAND HOLDINGS, INC., d/b/a ACCTCORP OF SOUTHERN NEVADA, A Nevada Corporation, qualified to do business and doing business in the State of Nevada, by and through their Counsel of Record, **CALEB J. LANGSDALE, ESQ.** and for its cause of action against Defendant, **MICHAEL CUTTS** alleges as follows:

### I. JURISDICTIONAL ALLEGATIONS

1.    Plaintiff, RICHLAND HOLDINGS, INC., d/b/a ACCTCORP OF SOUTHERN NEVADA, is a Nevada Corporation duly licensed to conduct collection services in Clark County, Nevada.

2.    That upon information and belief, and at all times relevant to this action, Defendant, **MICHAEL CUTTS** is and was a resident of Clark County, Nevada.

COMPLAINT
-1-

3.      **CLIFFORD MOLIN M.D** is a Business Entity which provides services in Clark County, Nevada.

## II. GENERAL ALLEGATIONS

4.      On or about, **May 12, 2014**, Defendant, **MICHAEL CUTTS** entered into a valid and binding agreement with **CLIFFORD MOLIN M.D** for the procurement of services.

5.      Defendant, **MICHAEL CUTTS** started to incur charges relating to the agreement on or about **May 12, 2014** and became delinquent in their account by failing to maintain their account through regular payments, under the terms of their agreement.

6.      Defendant, **MICHAEL CUTTS** became delinquent on **March 18, 2016** with an account balance of **$274.53**.  A **CONTRACTUAL COLLECTION FEE** of **$137.27** was added for a total of **$411.80**.

7.      After unsuccessfully attempting to collect the outstanding balance of the account from Defendant, **MICHAEL CUTTS** the account was duly assigned from **CLIFFORD MOLIN M.D** to RICHLAND HOLDINGS, INC., d/b/a ACCTCORP OF SOUTHERN NEVADA on **July 29, 2016**.

## III. FIRST CAUSE OF ACTION

### BREACH OF CONTRACT

8.      Plaintiff incorporates and re-alleges all above Paragraphs as though fully set forth at this point.

9.      On **May 12, 2014** Defendant, **MICHAEL CUTTS** and **CLIFFORD MOLIN M.D** entered into an agreement.

10.     Pursuant to terms of this agreement Defendant, **MICHAEL CUTTS** would pay monies to **CLIFFORD MOLIN M.D** in consideration for services provided by **CLIFFORD MOLIN M.D**

11.     **CLIFFORD MOLIN M.D** did perform services on behalf of Defendant, **MICHAEL CUTTS** therefore fulfilling all of its obligations pursuant to the agreement.

12.   Defendant, **MICHAEL CUTTS** has breached the terms of the agreement contract by failing/refusing to tender the past due and owing amount.

13.   Plaintiff has made demand upon Defendant, **MICHAEL CUTTS** for the amount due and owing, but Defendant, **MICHAEL CUTTS** has failed, neglected and refused to pay.

14.   It has been necessary for Plaintiff to retain services of an Attorney to bring and maintain this action.

15.   Plaintiff is entitled to reasonable Attorney's Fees and Costs of the suit as provided by law.

### IV. SECOND CAUSE OF ACTION

### <u>MONIES DUE AND OWING</u>

16.   Plaintiff incorporates and re-alleges all above Paragraphs as though fully set forth at this point.

17.   Defendant, **MICHAEL CUTTS** owes to Plaintiff, the duly assigned collection agent for **CLIFFORD MOLIN M.D** a sum of **$411.80** (*includes a Contractual Collection fee*).

18.   Although demand has been made upon Defendant, **MICHAEL CUTTS** for the amount due and owing, Defendant, **MICHAEL CUTTS** has failed, neglected and refused to pay.

19.   It has been necessary for Plaintiff to retain services of an Attorney to bring and maintain this action.

20.   Plaintiff is entitled to reasonable Attorney's Fees and Costs of the suit as provided by law.

COMPLAINT

-3-

**WHEREFORE**, Plaintiff, RICHLAND HOLDINGS, INC., d/b/a ACCTCORP OF SOUTHERN NEVADA, prays as follows:

1.     For a Judgment against Defendant, **MICHAEL CUTTS** for the amount due and owing to Plaintiff in the sum of **$411.80** (*includes a Contractual Collection Fee*);

2.     **STATUTORY INTEREST** at the **MAXIMUM LEGAL RATE** as allowed by Nevada law, and until paid in full;

3.     For reasonable Attorney's Fees and Costs of suit incurred herein;

4.     For all reasonable and necessary costs incurred herein, pursuant to NRS 18.005;

5.     For any other Judgment this Court may deem proper in premises.

     **DATED 3 October 2016.**

                    */S/:  CALEB J. LANGSDALE, ESQ.*
                    CALEB J. LANGSDALE, ESQ.
                    Nevada State Bar No.  10388
                    **THE LANGSDALE LAW FIRM, P.C.**
                    *Attorney for Plaintiff*

# Exhibit 3
# Notice of Entry of Judgment

Las Vegas Justice Court
Electronically Filed
12/14/2016 1:36:14 PM
Joe Bonaventure
CLERK OF THE COURT

CALEB J. LANGSDALE, ESQ.
Nevada State Bar No. 10388
**THE LANGSDALE LAW FIRM, P.C.**
1800 E. Sahara Ave., Ste 103
Las Vegas, NV 89104
Telephone:  702-399-6666
Facsimile:  702-543-2592
Email:      Caleb@LangsdaleLaw.com
*Attorney for Plaintiff*

**JUSTICE COURT, LAS VEGAS TOWNSHIP**

**CLARK COUNTY, NEVADA**

RICHLAND HOLDINGS, INC.,
d/b/a ACCTCORP OF SOUTHERN NEVADA,
A Nevada Corporation,

                  Plaintiff,

    vs.

MICHAEL CUTTS,

                Defendant.

CASE NO.:   16C020177

DEPT. NO.:   3

**NOTICE OF ENTRY OF JUDGMENT**

TO:   **MICHAEL CUTTS, DEFENDANT:**

    **YOU WILL PLEASE TAKE NOTICE** that a Judgment in the above-entitled action, of which the annexed is a copy, was duly entered on: **12/09/2016**.

    **DATED** this **December 14, 2016**.

**THE LANGSDALE LAW FIRM, P.C.**

***/S/ CALEB J. LANGSDALE, ESQ.***

            CALEB J. LANGSDALE, ESQ.
            Nevada State Bar No. 10388
            1800 E. Sahara Ave., Ste 103
            Las Vegas, NV 89104
            Email:      Caleb@LangsdaleLaw.com
            *Attorney for Plaintiff*

1

*NOTICE OF ENTRY OF JUDGMENT*

CALEB J. LANGSDALE, ESQ.
Nevada State Bar No. 10388
**THE LANGSDALE LAW FIRM, P.C.**
1800 E. Sahara Ave., Ste 103
Las Vegas, NV 89104
Telephone:  702-399-6666
Facsimile:  702-543-2592
Email:     Caleb@LangsdaleLaw.com
*Attorney for Plaintiff*

## JUSTICE COURT, LAS VEGAS TOWNSHIP

## CLARK COUNTY, NEVADA

| | |
|---|---|
| RICHLAND HOLDINGS, INC.,<br>d/b/a ACCTCORP OF SOUTHERN NEVADA,<br>A Nevada Corporation,<br><br>Plaintiff,<br><br>    vs.<br><br>MICHAEL CUTTS,<br><br>Defendant. | CASE NO.:    16C020177<br><br>DEPT. NO.:    3 |

### CERTIFICATE OF MAILING

Pursuant to NRCP 1(b), I hereby certify that on **DECEMBER 14, 2016**, I placed a copy of the above *NOTICE OF ENTRY OF JUDGMENT*, into a sealed envelope and mailed via regular mail, postage prepaid, addressed to:

**MICHAEL CUTTS**
**8410 ELDORA AVE APT 1031**
**LAS VEGAS, NV 89117**

**DATED** this **December 14, 2016**.

_____
An Employee of **THE LANGSDALE LAW FIRM, P.C.**

2

*NOTICE OF ENTRY OF JUDGMENT*

Las Vegas Justice Court
Electronically Filed
12/9/2016 2:13:42 PM
Joe Bonaventure
CLERK OF THE COURT

**ORDR**
CALEB J. LANGSDALE, ESQ.
Nevada State Bar No. 10388
**THE LANGSDALE LAW FIRM, P.C.**
1800 E. Sahara Ave., Ste 103
Las Vegas, NV 89104
Telephone: 702-399-6666
Facsimile: 702-543-2592
Email:     Caleb@LangsdaleLaw.com
*Attorney for Plaintiff*

## JUSTICE COURT, LAS VEGAS TOWNSHIP

## CLARK COUNTY, NEVADA

RICHLAND HOLDINGS, INC.,
d/b/a ACCTCORP OF SOUTHERN NEVADA,
A NEVADA CORPORATION,

          Plaintiff,

          vs.

MICHAEL CUTTS,

          Defendant.

Case No.    16C020177
Dept. No.   3

### DEFAULT JUDGMENT

    An Application having been duly made by Plaintiff for Judgment against the Defendant, **MICHAEL CUTTS** , and the Default of said Defendant having been entered for failure to answer or otherwise defend as to the Complaint of Plaintiff; and it appearing that said Defendant is not in the military service of the United States nor an infant or incompetent person, and good cause appearing therefore, the Court orders that Default Judgment shall be entered.

    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiff is awarded Judgment against Defendant, **MICHAEL CUTTS** as follows:

////

////

////

RECEIVED

NOV 17 2016

LAS VEGAS JUSTICE COURT

SM

5

The sum of **$411.80** together with and including *Contractual Collection Fees*, plus *Costs* of suit in the amount of **$111.50**, and reasonable *Attorney's Fees* in the amount of $ 700.00 .

*Interest shall accrue at the Maximum Legal Rate from the date of Order Of Judgment forward until paid in full.*

**IT IS SO ORDERED**

Honorable                                    **MELISSA SARAGOSA**

**DATED** this __8__ day of _December_, 2016.

Respectfully Submitted:

CALEB J. LANGSDALE, ESQ.                 **DATED** this November 11th, 2016
Nevada State Bar No.  10388
**THE LANGSDALE LAW FIRM, P.C.**
1800 E. Sahara Ave., Ste 103
Las Vegas, NV 89104
*Attorney for Plaintiff*

6