STEPHEN J. ERIGERO (SBN 11562)
TIMOTHY J. LEPORE (SBN 13908)
ROPERS, MAJESKI, KOHN & BENTLEY
3753 Howard Hughes Pkwy., Suite 200
Las Vegas, NV 89169
Telephone: (702) 954-8300
Facsimile: (213) 312-2001
Email: stephen.erigero@rmkb.com
timothy.lepore@rmkb.com

Attorneys for Defendant
THE LANGSDALE LAW FIRM, P.C.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL CUTTS,<br><br>Plaintiff,<br><br>v.<br><br>RICHLAND HOLDINGS, d/b/a ACCTCORP OF SOUTHERN NEVADA, A NEVADA CORPORATION, and THE LANGSDALE LAW FIRM, P.C.,<br><br>Defendant. | CASE NO. 2:17-CV-01525-JCM-PAL<br><br>DEFENDANT THE LANGSDALE LAW FIRM P.C.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF MICHAEL CUTTS'S COMPLAINT<br><br>[Fed. R. Civ. P. 12(b)(1) and 12(b)(6)]<br><br>Judge: James C. Mahan |

Defendant The Langsdale Law Firm, P.C. ("Langsdale"), by and through its attorneys of record, the law firm of Ropers, Majeski, Kohn & Bentley, and pursuant to Fed. R. Civ. P. ("FRCP") 12(b)(1) and 12(b)(6), submits its Reply in Support of its Motion to Dismiss Plaintiff Michael Cutts' ("Plaintiff") Complaint in this matter with prejudice.

//

//

//

4837-5895-7131.2                                                           - 1 -

## I. INTRODUCTION

Plaintiff's Opposition is a convoluted display of misrepresenting the contents of his claims, Langsdale's legal arguments, and the case law cited in his Opposition to avoid this Court reaching the inevitable result: *Plaintiff is requesting this Court to usurp the Supreme Court's exclusive jurisdiction to review a state court's decision*. No matter how Plaintiff characterizes his claims underneath the Fair Debt Collection Practice Act (FDCPA), every claim based on the lawfulness of the collection fee in the Default Judgment is barred by the *Rooker-Feldman* doctrine. The Ninth Circuit recently recognized this in *Grant v. Unifund CCR, LLC* (9th Cir. 2014), and Plaintiff failed to point to any binding or persuasive authority to justify this Court ignoring the Ninth Circuit's guidance on this issue.

In addition, despite Plaintiff's long winded explanation why his FDCPA claims contain sufficient factual allegations, Plaintiff could not point to a single factual allegation representing he had an "initial communication" with Langsdale to trigger compliance with Section 1692g(a).[1] Indeed, Plaintiff admits this, yet argues this Court should ignore the Supreme Court's decisions in *Iqbal* and *Ashcroft* and accept his contention that he can simply claim Langsdale violated Section 1692g to proceed with his claim. It is a bold request, but also a foolish one, as it asks this Court to go against well-established precedent.

Finally, Plaintiff request this Court to issue sanctions underneath 28 U.S.C. § 1927. Of course, this request is procedurally improper, as it is contained in Plaintiff's Opposition, lacks due process, and is substantively not warranted. As such, this Court should summarily dismiss this request and admonish Plaintiff for making this specious request.

## II. LEGAL ARGUMENT

### A. Plaintiff's Analysis Of The *Rooker-Feldman Doctrine* Is Careless, At Best, And Mischaracterizes Plaintiff's Claims.

Plaintiff claims Langsdale ignored a "substantial body of on-point" case law from this District regarding the *Rooker-Feldman* doctrine. ECF No. 16, 3:3-5. Despite this sweeping claim, Plaintiff cites to one unpublished opinion from this District, *Means v. Intelligent Bus. Sols., Ltd.*

---

[1] All references to Sections refer to tile 15 U.S.C. § 1692, *et seq*.

4837-5895-7131.2                                - 2 -

(No. 3:15-CV-00106-RCJ, 2015 WL 1470757, at *1 (D. Nev. Mar. 31, 2015)). ECF No. 16, 3:8-15. In addition, the simplistic order in that case did not substantively analyze the *Rooker-Feldman* doctrine. *See id*., at *2. In fact, the only real analysis by the court held a state court's decision holding collection amounts were lawful or unlawful would have a preclusive effect on that issue. *Id*. As such, the court in *Means* recognized Plaintiff could not re-litigate claims based on collection amounts a state court found lawful in a default judgment.

Moving on, Plaintiff cites two opinions from the District of Arizona to argue the *Rooker-Feldman* doctrine is not applicable here. ECF No. 16, 4:3-5:21. But in each of those cases, the debtor's FDCPA claim dealt with collection agencies filing time-barred actions, which the underlying state court did not address in its judgments. For example, in *Garduno v. Autovest LLC* (D. Ariz. 2015), the issue that court faced was whether a debtor's FDCPA claim against a collection agency for filing a time-barred lawsuit against the debtor implicated the *Rooker-Feldman* doctrine. *Garduno*, 143 F. Supp. 3d 923, 924-25. The debtor never raised the statute of limitation issue in the underlying action, and instead stipulated to an entry of judgment, which the state court entered. *Id*. Citing the Ninth Circuit's decision in *Bell v. City of Boise* (9th Cir. 2013), the court found the debtor was not alleging the state court committed a legal error, as the state court's judgment never ruled on the statute of limitations error. Thus, the state judgment was irrelevant to the debtor's FDCPA claim. *Id*. at 927; *see also Black v. Autovest LLC*, No. CV-15-00773-PHX-JZB, 2015 WL 9461484, at *4 (D. Ariz. Dec. 28, 2015) (The "[p]laintiff's claims regarding the manner in which [the d]efendants sought to collect the debt from [the p]laintiff—filing a time-barred state court complaint to collect a debt from [the p]laintiff—were not addressed by and are separate from the state court judgment.").

Clearly, Plaintiff's claims here are much different, as the majority of Plaintiff's FDCPA claims are based on the lawfulness of the collection fees. ECF No. 1, ¶19 ("Defendants and in fact, violated the FDCPA, . . . by adding a Collection Fee that exceeds the contractual collection fee rate . . . and misrepresenting the amount of the Debt."). In fact, the clearest indication from the Ninth Circuit that these claims are barred by the *Rooker-Feldman* doctrine is its decision to uphold the District Court for Central California's decision in *Grant v. Unifund CCR, LLC* (C.D.

4837-5895-7131.2                                   - 3 -

1  Cal. 2012). Decided **after** *Bell v. City of Boise* (9th Cir. 2013), the Ninth Circuit held FDCPA
2  claims that a defendant "used unfair or unconscionable means" to collect debts based on the
3  legality of the debt and affidavits submitted in support of default judgments are bared by the
4  *Rooker-Feldman* doctrine. *Grant v. Unifund CCR, LLC*, 577 F. App'x 693, 696 (9th Cir. 2014)[2];
5  *see Grant v. Unifund CCR Partners*, 842 F. Supp. 2d 1234, 1239 (C.D. Cal. 2012) (holding the
6  debtor's claims "would undercut the state ruling that [the debtor] was in fact served with a copy
7  of the summons and complaint, owed the debt . . . , and authorized [the debtor] to execute a Writ
8  of Execution").

9  Given this clear direction from the Ninth Circuit, there is no possibility for Plaintiff to
10  claim this Court can hold Langsdale violated the FDCPA by obtaining a Default Judgment
11  containing "unlawful" amounts without violating the *Rooker-Feldman* doctrine. This Court would
12  have to rule whether the collection fee was lawful prior to ruling Langsdale violated the FDCPA.
13  But by doing so, this Court would undercut the Nevada state court's Default Judgment, which
14  found Richland Holdings Inc. was entitled to the collection fees. As such, all of Plaintiff's
15  FDCPA claims based on the "lawfulness" of the collection fee are barred by the *Rooker-Feldman*
16  doctrine. Additionally, *the Rooker-Feldman* doctrine bars each of Plaintiff's state law claims
17  against Langsdale based on the collection fee, as they are 'inextricably intertwined' with the state
18  court judicial decision. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003); *See* ECF No. 1, ¶36
19  ("Defendants commenced and/or prosecuted legal proceedings against Plaintiff for the ulterior
20  purpose of collecting unlawful fees in violation of the FDCPA"), ¶42 ("Defendants engaged in
21  unfair or deceptive acts or practices . . . through its unfair and deceptive debt collection and
22  litigation activities[.]"), ¶46 ("In committing the Misrepresentation Violations, the Defendants
23  knowing or negligently made false representations."), ¶52 ("The Defendants undertook a
24  concerted action with the intent to commit the Collection Fee Violations . . .").

---

[2] Instead of acknowledging the Ninth Circuit's decision to uphold *Grant v. Unifund CCR Partners*, which was cited to in Langsdale's Motion (ECF No. 6:24-7:13), Plaintiff only cited the Central District of California's decision and claimed "Defendants have failed to recognize the most relevant . . . 9th Circuit precedent." ECF No. 16, 6:14-25. Plaintiff's failure to acknowledge the Ninth Circuit's decision is telling.

4837-5895-7131.2 - 4 -

**B.    Plaintiff's Citation To *Janti v. Encore Capital Group, Inc.* (C.D. Cal. 2010) Does Not Support Plaintiff's Contention He Pled Enough Facts Making It Plausible That Langsdale Violated Section 1692g.**

Next, Plaintiff relies heavily on a case from a California district court, entitled *Janti v. Encore Capital Group, Inc.* (C.D. Cal. 2010), to claim Plaintiff's allegations stated a cognizable claim under Section 1692g. ECF No. 16, 14:1-18. That case, however, **addresses an entirely different factual scenario and section under the FDCPA**. In *Janti*, a consumer alleged the debt collector "violated Sections 1692(e)(2)(A), 1692(e)(5), and 1692(e)(10) 'by mailing Plaintiff a letter that attempted collection of a time-barred debt, and then suing on the debt . . . .'" *Janti v. Encore Capital Grp., Inc.*, No. 09CV1969 JLS (CAB), 2010 WL 3058260, at *4 (S.D. Cal. Aug. 3, 2010). To support this assertion, she pled: (a) the "credit account [was opened] around 1997 or 1998"; (b) it subsequently became delinquent in 1998; and (3) "[i]n November 2008, [she] received a 'Pre–Legal Notification' debt collection letter from [the debt collector]." *Id.* at 1. In analyzing whether a cognizable claim existed under *Section 1692e*, the court answered this question in the affirmative because the legal status of the debt was falsely represented to the consumer. *Id.* at 4.

Here, Plaintiff's allegations against Langsdale are substantially different and deficient compared to *Janti*. First, the only FDCPA section Langsdale moved to dismiss for failure to plead a required element was Section 1692g. For that section, Plaintiff pled "Langsdale failed to provide Plaintiff with a validation of debt letter in compliance with Section 1692(g) of the FDCPA." ECF No. 1, ¶13. But as Langsdale pointed out in his Motion, this conclusory allegation was free from any factual allegations, making it impossible to determine what subsection under Section 1692g Plaintiff was claiming Langsdale violated. ECF No. 9, 22:-10:4; *see also White v. G.C. Servs., LP,* No. 3:12-CV-00351-RCJ, 2012 WL 4747156, at *2 (D. Nev. Oct. 2, 2012) (holding the plaintiff had to plead more than a formulaic recitation of the FDCPA's statutes because they contain broad legal standards requiring some examination of fact to determine a violation.)

Given this, Langsdale assumed Plaintiff claimed he failed to even send a validation letter to Plaintiff under Section 1692g(a), which Plaintiff confirmed in his Opposition. ECF No. 16,

12:24-25. As such, Langsdale addressed the statutory text of Section 1692g(a), which requires Langsdale to have an "initial communication" with Plaintiff about his debt before Langsdale is required to send out a validation letter. ECF No. 9, 10:5-11:26. But despite Langsdale's detailed statutory analysis, which illustrated Plaintiff never pled Langsdale communicated with him about his debt, Plaintiff simply claimed "there is no authority that requires Plaintiff to allege that she [sic] ever communicated with Langsdale . . . That allegation is made by incorporating the statute." ECF No. 16, 14:1-6.

Obviously, this is bizarre argument, as the statutory text of Section 1692g(a) contains the elements Plaintiff needed to satisfy with factual allegations, which included the "initial communication" element. In addition, Plaintiff's argument that he merely needed to plead Langsdale violated Section 1692g to satisfy Federal Rules of Civil Procedure, Rule 8, upends the substantial body of case law developed after the Supreme Court's decision in *Twombly* and *Iqbal*. *See Starr v. Baca,* 652 F.3d 1202, 1208 (9th Cir. 2016) ([A]llegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of *underlying facts to give fair notice and enable the opposing party to defend itself effectively*") (emphasis added). Consequently, Plaintiff failed to state a claim to relief underneath Section 1692g(a).

### C. Plaintiff's Opposition Failed To Identify Any Factual Allegations In His Complaint That Would Allow His Second, Third, and Fifth Claims To Survive This Court Dismissing The FDCPA Claims.

Plaintiff argues his abuse of process, deceptive trade practices, and civil conspiracy claims are not pled contingent on Langsdale violating the FDCPA. ECF No. 16, 15:10-27; 17:16-18:2; 22:13-21. But instead of citing the factual allegations Plaintiff pled these claims upon, Plaintiff appears to argue he is allowed to bring different theories of liability based on the same facts. That is true, but Plaintiff pled these claims contingent on this Court finding Langsdale violated the FDCPA.

A cursory review of Plaintiff's Complaint confirms this. For instance, Plaintiff's abuse of process claim states: "Defendants commenced and/or prosecuted legal proceedings against

Plaintiff for the ulterior purpose of collecting unlawful fees in violation of the FDCPA." ECF No. 1, ¶36. Moreover, for his claim under the Nevada Deceptive Trade Practices Act, Plaintiff claimed: "Defendants engaged in unfair or deceptive acts or practices in the conduct of its commerce or trade through its unfair and deceptive debt collection and litigation activities[.]" ECF No. 1, ¶42. And for his Civil Conspiracy claim, Plaintiff alleges Langsdale "undertook a concerted action with the intent to commit the Collection Fee Violations and the 1692(g) Violations." ECF No. 1, ¶52. These state law claims are clearly dependent on this Court finding Langsdale violated the FDCPA. Plaintiff cannot argue otherwise without misconstruing the contents of his Complaint.[3]

### D. Plaintiff's Opposition Did Not Establish Langsdale Abused The Legal Process Because No Ulterior Motive Was Pled, Nor Did Plaintiff Plead Langsdale's Use Of The Legal Process Was Improper.

Plaintiff argues his Abuse of Process claim is adequately plead because Langsdale *served* the complaint to "pursue the litigation against her [sic] asserting an unlawful collection fee." ECF No. 16:17-20. Although Plaintiff's Complaint lacks this allegation, Plaintiff's Complaint (and his Opposition) omits any **averment how this service was not proper in the regular conduct of the proceeding.** *Land Baron Inv.*, 356 P.3d at 520. ("[Plaintiff] has alleged no facts that show [defendant] improperly abused the legal process in filing its complaint or litigating the case.")

In addition, the case Plaintiff cites to support his position, *Nevada Credit Rating Bureau, Inc. v. Williams*, contradicts Plaintiff's ability to maintain this claim. Specifically, after the defendant filed the complaint in the underlying action, the defendant authorized an attachment on the plaintiff's property worth $30,000 to secure a questionable debt of $5,000 and refused to release any of the property. *Nevada Credit Rating Bureau, Inc.*, 88 Nev. 601, 604-05, 503 P.2d 9, 11 (1972). The Nevada Supreme Court held attempting to force payment of the claim rather than obtaining security for the debt constituted an ulterior purpose (since the debt was not due yet). *Id.* at 11-12. Moreover, the Nevada Supreme Court held it was improper for the defendant to attach

---

[3] In addition, even in the case Plaintiff cited, *Fox v. Citicorp Credit Servs., Inc.* (9th Cir. 1994), the Ninth Circuit recognized (including the parties) that the consumer's state law claims of negligence and strict liability rested upon resolution of the FDCPA claims. *Fox*, 15 F.3d 1507, 1517 (9th Cir. 1994). Thus, as goes Plaintiff's FDCPA claims, so goes Plaintiff's state law claims. *Id.*

4837-5895-7131.2 - 7 -

$30,000 worth of the plaintiff's property **and** refuse to release the equipment. *Id*. at 12.

Quite clearly, Plaintiff's allegations against Langsdale are different, and do not satisfy the elements for an abuse of process claim. First, Plaintiff does not dispute he owed a debt assigned to Richland and that the debt was delinquent. Second, Langsdale's decision to file a complaint on Richland's behalf against Plaintiff for breach of contract is not an ulterior motive, as that was the purpose of the action. Third, Plaintiff has not shown how the service of the complaint was not proper in the regular course of the collection action. And finally, the Nevada state court reviewed the Application for Default Judgment and was satisfied Plaintiff owed the amounts contained therein. Thus, Plaintiff cannot plead Langsdale abused the legal process, and there are no amendments Plaintiff can plead to cure this claim to survive past the pleading stage.

**E.     Plaintiff Cannot, As A Matter Of Law, Claim He Relied Upon Langsdale's Representations In the Underlying Litigation To His Detriment Because He Did Not Participate In the Litigation.**

In response to Langsdale's argument that Plaintiff failed to plead with specificity what representations Langsdale made that he relied upon, Plaintiff cited to the Affidavit of Dr. Molin submitted to Nevada state court in support of the Default Judgment. ECF No. 16, 23:5-7. Based on this statement, Plaintiff's misrepresentation claim fails as a matter of law. In Nevada, an intentional or negligent misrepresentation claim requires Plaintiff to prove he justifiably relied upon the purported misrepresentations in Dr. Molin's affidavit to his detriment. *Lubbe v. Barba*, 91 Nev. 596, 599, 540 P.2d 115, 117 (1975); *Barmettler v. Reno Air, Inc*., 114 Nev. 441, 449, 956 P.2d 1382, 1387 (1998).  However, Plaintiff cannot possibly show this because he never participated in the underlying state court action, which is why the Court entered the Default Judgment. Thus, Plaintiff never relied upon the statements contained in Dr. Molin's affidavit to his detriment. Accordingly, Plaintiff cannot maintain an action for intentional or negligent misrepresentation pursuant to the facts alleged within Plaintiff's Complaint.

**F.     Plaintiff's Claim For Sanctions Underneath 28 U.S.C. § 1927 Is Procedurally Improper And Substantively Not Warranted.**

First, this District's Local Rules required Plaintiff to file a separate motion for sanctions. L.R. IC 2-2(b). Plaintiff is not allowed to simply request sanctions against Langsdale in his

4837-5895-7131.2                                       - 8 -

Opposition. *Id*. Moreover, the case law makes clear that due process requires this Court to provide Langsdale's counsel notice and an opportunity to be heard before imposing sanctions under 28 U.S.C. § 1927 (hereinafter Section 1927). *F.T.C. v. Alaska Land Leasing, Inc*., 799 F.2d 507, 510 (9th Cir. 1986) ("Section 1927 does not authorize recovery from a party or an employee, but "only from an attorney or otherwise admitted representative of a party."); *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96 (2d Cir. 1997) ("We believe that a sanctioned attorney must receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter.")

Here, Plaintiff's request for sanctions in his Opposition against does not provide any notice to Langsdale's counsel that an award will be issued against it. In fact, it is unclear who Plaintiff requested sanctions against, Langsdale or its counsel. ECF No. 16, 3:22-4:2. In addition, Langsdale's counsel should not be forced to argue against such charges in its client's Reply brief on substantive matters. Simply stated, if Plaintiff contends Langsdale's counsel's actions warrant briefing, Plaintiff must notice the motion and allow Langsdale 14 days and 24 pages to brief his Opposition to any such request. L.R. 7-2(b). Charges of this nature are serious, and Plaintiff's passing request for this Court to issue sanctions under Section 1927 in his Opposition illustrates Plaintiff's lack of respect for the gravity of his claim.

But even if this Court was inclined to look pass Plaintiff's improper request, Langdale's counsel's actions are clearly not sanctionable. All of Langsdale's arguments to dismiss Plaintiff's Complaint are substantially researched and well-drafted, containing more merit than the arguments Plaintiff proffered in his Opposition. In fact, the majority of Plaintiff's Opposition contained errant passages to other plaintiffs' names that are represented by Plaintiff's counsel. Moreover, Langdale's counsel cited current case law that was directly applicable to Plaintiff's Complaint, and did not misrepresent the basis of those holdings, which is more than Langsdale's counsel can say about Plaintiff's Opposition. In sum, none of the arguments contained in Langsdale's motion warrant sanctions against Langsdale's counsel, and this Court should admonish Plaintiff's counsel for making this request in Plaintiff's Opposition.

4837-5895-7131.2                                            - 9 -

### III.  CONCLUSION

For the reasons stated above, Langsdale respectfully request this Court to dismiss with prejudice Plaintiff's FDCPA and state law claims against Langsdale based on misrepresenting the contractual fees because this Court lacks subject matter jurisdiction over reviewing the Default Judgment. Langsdale also request this Court to dismiss with prejudice Plaintiff's Section 1692g(a) claim and state law claims with prejudice because Plaintiff cannot plead any facts to state a claim to relief against Langsdale.

Dated: July 14, 2017                              ROPERS, MAJESKI, KOHN & BENTLEY


By: /s/ *Timothy J. Lepore*
STEPHEN J. ERIGERO
TIMOTHY J. LEPORE
Attorneys for Defendant
THE LANGSDALE LAW FIRM, P.C.

**CERTIFICATE OF SERVICE**

In accordance with Rule 5(b) of the Federal Rules of Civil Procedure, and Local Rule IC 4-1(d), I hereby certify that on the 14th day of July 2017, a copy of **DEFENDANT THE LANGSDALE LAW FIRM P.C.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF MICHAEL CUTTS'S COMPLAINT** was served on all CM/ECF registered parties by filing and serving the same using the CM/ECF filing system.

/s/ *Timothy J. Lepore*

TIMOTHY J. LEPORE
An employee of Ropers Majeski Kohn
& Bentley, P.C.