**Marquis Aurbach Coffing**
Terry A. Coffing, Esq.
Nevada Bar No. 4949
Chad F. Clement, Esq.
Nevada Bar No. 12192
Jonathan B. Lee, Esq.
Nevada Bar No. 13524
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tcoffing@maclaw.com
cclement@maclaw.com
jlee@maclaw.com
*Attorneys for Richland Holdings, Inc.*
*d/b/a AcctCorp of Southern Nevada*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL CUTTS,<br><br>Plaintiff,<br><br>vs.<br><br>RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA, a Nevada Corporation; CALEB J. LANGSDALE, ESQ. dba THE LANGSDALE LAW FIRM, P.C.; and CLIFFORD MOLIN, M.D. aka ZEEBA SLEEP CENTER<br><br>Defendants. | Case Number: 2:17-cv-01525-JCM-PAL<br><br>**DEFENDANT RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA AND DEFENDANT CLIFFORD MOLIN, M.D. AKA ZEEBA SLEEP CENTER'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT** |

Defendant Richland Holdings, Inc., d/b/a AcctCorp of Southern Nevada's ("AcctCorp") and Defendant Clifford Molin, M.D., aka Zeeba Sleep Center ("Molin") (collectively, "Defendants"), by and through their attorneys of record, the law firm of Marquis Aurbach Coffing, hereby file their Reply in Support of their Motion to Dismiss or, Alternatively, Motion for More Definite Statement ("Reply").

/ / /

MAC:14665-007 3138333_1 7/17/2017 6:05 PM

This Reply is based upon the following Points and Authorities, all pleadings and papers on file herein, and any oral argument allowed by this Court at the time of hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff Michael Cutts ("Plaintiff") attempts to attack AcctCorp's motion to dismiss by claiming that the *Rooker-Feldman* and claim preclusion doctrines are inapposite with respect to his Fair Debt Collection Practices Act ("FDCPA") claims.  Plaintiff also tries to salvage his state law claims, even thought dismissal is warranted on these claims.  Pursuant to the legal arguments presented in Defendants' dismissal briefing, however, Joinder, and this Reply, Defendants respectfully requests that the Court summarily reject Plaintiff's misguided arguments and dismiss his complaint in its entirety.

### II.  LEGAL ARGUMENT

Defendants' motion to dismiss is based upon several points: (1) lack of subject-matter jurisdiction; (2) claim preclusion; and (3) failure to state a claim upon which relief can be granted.[1]  Notwithstanding Plaintiff's arguments to the contrary, Defendants provided binding legal authority in support of each of these arguments which would require this Court to dismiss this entire action with prejudice.  The legal arguments presented below simply confirm why dismissal is appropriate in this matter.

#### A.  THIS COURT LACKS SUBJECT-MATTER JURISDICTION TO CONSIDER PLAINTIFF'S *DE FACTO* APPEAL FROM THE UNDERLYING STATE COURT DECISION.

The first, and thus presumably strongest, authority cited by Plaintiff in opposing application of the *Rooker-Feldman* doctrine, is an unpublished order from a district court.[2]

---

[1] The bases to dismiss will be addressed in this order, as they were in the motion, rather than the order presented by Plaintiff.  Defendants, however, abandon their issue preclusion argument in light of the *In re Sandoval*, decision cited by Plaintiff.  *See* 126 Nev. 136, 232 P.3d 422 (2010).

[2] *See* Resp. at 5-6 [ECF No. 18] (citing *Means v. Intelligent Bus. Solutions, Ltd.*, 2015 U.S. Dist. LEXIS 41932 (D. Nev. Mar. 31, 2015)).

1  Given the nature of that order, Plaintiff's reliance should indicate to this Court the utter lack
2  of merit in Plaintiff's arguments.  Instead, the Court can look to the Ninth Circuit's decision
3  in *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004), *Grant v. Unifund CCR,*
4  *LLC,* 577 F. App'x 693, 696 (9th Cir. 2014), *Grant v. Unifund CCR Partners,* 842 F. Supp.
5  2d 1234, 1239 (C.D. Cal. 2012), and published decisions of other federal district courts that
6  considered and applied the *Bell* decision that Plaintiff inexplicably and erroneously state
7  Defendants failed to address.[3]

8  Here, majority of Plaintiff's FDCPA claims are based on the lawfulness of the
9  collection fees. ECF No. 1, ¶19 ("Defendants and in fact, violated the FDCPA, . . . by
10 adding a Collection Fee that exceeds the contractual collection fee rate . . . and
11 misrepresenting the amount of the Debt."). In fact, the clearest indication from the Ninth
12 Circuit that these claims are barred by the *Rooker-Feldman* doctrine is its decision to uphold
13 the District Court for Central California's decision in *Grant v. Unifund CCR, LLC* (C.D. Cal.
14 2012). Decided **after** *Bell v. City of Boise* (9th Cir. 2013), the Ninth Circuit held FDCPA
15 claims that a defendant "used unfair or unconscionable means" to collect debts based on the
16 legality of the debt and affidavits submitted in support of default judgments are barred by
17 the *Rooker-Feldman* doctrine. *Grant v. Unifund CCR, LLC,* 577 at 696; *see Grant v.*
18 *Unifund CCR Partners,* 842 F. Supp. 2d at 1239 (holding the debtor's claims "would
19 undercut the state ruling that [the debtor] was in fact served with a copy of the summons and
20 complaint, owed the debt . . . , and authorized [the debtor] to execute a Writ of Execution").

21 Given this clear direction from the Ninth Circuit, there is no possibility for Plaintiff
22 to claim this Court can hold Defendants violated the FDCPA by obtaining a Default
23 Judgment containing "unlawful" amounts without violating the *Rooker-Feldman* doctrine.
24 This Court would have to rule whether the collection fee was lawful prior to ruling
25 Defendants violated the FDCPA. But by doing so, this Court would undercut the Nevada

---
[3] *See* Mot. [ECF No. 10], at 8 (specifically addressing *Bell v. City of Boise*, 709 F.3d 890 (9th Cir. 2013)).

MAC:14665-007 3138333_1 7/17/2017 6:05 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

state court's Default Judgment, which found Richland Holdings Inc. was entitled to the collection fees. As such, all of Plaintiff's FDCPA claims based on the "lawfulness" of the collection fee are barred by the *Rooker-Feldman* doctrine.

In further support, in the published case of *Riding v. CACH, LLC*, 992 F. Supp. 2d 987 (C.D. Cal. 2014), the court listed the plaintiff's eight bases for relief under the FDCPA but noted that the plaintiff's allegations of FDCPA violations relating to the amounts that the defendants had asserted the plaintiff owed were barred. *See id.*, at 994. In another published decision from the United States District Court for the Northern District of California, the court considered a situation nearly identical to this one and determined that "Plaintiff's FDCPA claim is barred by the *Rooker–Feldman* doctrine" because "[t]o evaluate Plaintiff's claim, the Court must determine the validity of the [amount of the] debt recognized by the state court … Thus, **adjudication of Plaintiff's FDCPA claim would undercut the state court's judgment and constitute a de-facto appeal**." *Fleming v. Gordon & Wong Law Grp., P.C.*, 723 F. Supp. 2d 1219, 1223 (N.D. Cal. 2010) (emphasis added). Notably, these courts did not require magic buzz words as a prerequisite to recognizing a *de facto* appeal.

In fact, if this Court reviews the simplistic order from *Means*, upon which Plaintiff relies, the Court will see that Judge Jones did not analyze, much less cite, any cases or statutes that considered the application of the *Rooker-Feldman* doctrine. *See, generally, Means v. Intelligent Bus. Solutions, Ltd.*, No. 3:15–cv–00106–RCJ–VPC, 2015 WL 1470757, at *2 (D. Nev. Mar. 31, 2015) (noting only that "[n]o measure of relief Plaintiff seeks would conflict in any way with the state court judgment entered against him for breach of contract"). Rather, in *Means*, Judge Jones actually acknowledged that "a state court ***judgment that those collection costs*** [the efforts to collect which the plaintiff sued for under the FDCPA] ***were available*** as a measure of damages under the breach of contract claim ***would preclude that issue***." *Id.* (emphases added). In *Means*, though, unlike in this case and the underlying State Court Action, the state court had determined those collection costs

MAC:14665-007 3138333_1 7/17/2017 6:05 PM

were *not* available. *See id.* Plaintiff's other citations to distinguishable, unpublished authority from non-binding courts that considered the *Rooker-Feldman* doctrine should be similarly unpersuasive.

In this case, the court in the underlying State Court Action determined the propriety of the amounts sought, so, to the extent Plaintiff's claims challenge those amounts (*e.g.,* interest or collection fees), those claims are barred by the *Rooker-Feldman* doctrine, and this Court must dismiss them for lack of subject-matter jurisdiction.[4]

### B.  PLAINTIFF'S CLAIMS ARE BARRED BY CLAIM PRECLUSION.

Because all of Plaintiff's claims in this matter arose "out of the transaction or occurrence that [wa]s the subject matter of [Defendants'] claim [in the underlying State Court Action] and [did] not require … the presence of third parties of whom the court cannot acquire jurisdiction," those claims were compulsory counterclaims, effectively resolved by adjudication of the underlying proceeding. NRCP 13(a); *see also Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 114 Nev. 823, 836, 963 P.2d 465, 474 (1998) (holding that compulsory counterclaims not previously brought are barred by claim preclusion). Therefore, Plaintiff is barred from bringing those claims now.

As AcctCorp predicted in its motion to dismiss, Plaintiff cites to *Mostin v. GL Recovery, LLC*, No. SACV 09–0650 AG (ANx), 2010 WL 668808 (C.D. Cal. Feb. 19, 2010), for his position that his FDCPA claims were not compulsory counterclaims to AcctCorp's breach of contract claims in the State Court Action. Oddly, though, Plaintiff completely ignores AcctCorp's analysis of that case articulating why *Mostin*, besides being unpublished, is completely inapposite to the instant case. As the Court will likely discern from its own review of that case, Plaintiff's application of *Mostin* is without merit.

---

[4] Like *Means*, Plaintiff's citation to *Garduno v. Autovest, LLC*, 143 F. Supp. 3d 923 (D. Ariz. 2015), also supports AcctCorp's argument more than Plaintiff's. *See Resp*. [ECF No. 18], at 6:21-7:27 (acknowledging that "[i]f the Court decides that one of Plaintiff's [sic] claims is a 'de facto appeal,' the claim constituting that appeal is barred as is any claim 'inextricably intertwined' with the state court judicial decision") (citations omitted).

MAC:14665-007 3138333_1 7/17/2017 6:05 PM

As explained in the Motion, the *Mostin* court considered whether the debt collector's claims to collect the underlying debt were compulsory counterclaims to the plaintiff's FDCPA claims. *See id.*, at *1. There was a germane point to the relationship among the claims considered in that case as far as the Federal Rules of Civil Procedure ("FRCP") were concerned. That is, "federal courts have supplemental jurisdiction over compulsory counterclaims, but permissive counterclaims require their own jurisdictional basis." *Taylor v. Bryant, Inc.*, 275 F. Supp. 2d 1305, 1306 (D. Nev. 2003) (citations omitted). Thus, in *Mostin*, the court would not have had supplemental jurisdiction over the permissive counterclaims at issue in that case. *See Mostin*, 2010 WL 668808, at *1.

This litigation presents the opposite situation where Plaintiff's instant FDCPA claims were compulsory to the underlying breach of contract claims under then-governing NRCP. *See* NRCP 13(a); *see also In re Plyam*, 530 B.R. 456, 462 (9th Cir. BAP 2015) (holding that in determining the preclusive effect of a State court judgment, federal courts "apply the forum state's law" relating to preclusion) (citations omitted).

The "actually litigated" factor does not apply to claim preclusion like it does issue preclusion, so the Court need not consider the effect of a default judgment in the State Court Action. The important, and dispositive, consideration is that Plaintiff failed to assert his compulsory counterclaims in the State Court Action, of which he was fully aware, despite having had the opportunity to do so. Accordingly, his claims are all barred by claim preclusion under Nevada law.[5]

### C. PLAINTIFF FAILS TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED, FOR REASONS INCLUDING, WITHOUT LIMITATION, FEDERAL PREEMPTION OF PLAINTIFF'S STATE LAW CLAIMS.

Plaintiff's bare conclusory allegations of an ulterior motive do not suffice to maintain an abuse of process claim where the undisputed facts establish a legitimate legal

---

[5] Again, Plaintiff attempts to apply *Means* to the claim preclusion analysis is misplaced for the same reasons articulated above, and, if anything, *Means* supports Defendants' position, not Plaintiff's.

MAC:14665-007 3138333_1 7/17/2017 6:05 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

dispute that the State Court Action sought to resolve.  Moreover, Plaintiff's deceptive trade practice ("DTP") claims fail as a matter of law because this was a debt collection case, not one involving the sale of goods or services.  Additionally, because Plaintiff has asserted no actionable torts, his civil conspiracy cause of action also fails as a matter of law. Lastly, due to the absence of reliance and action, Plaintiff's misrepresentation claim(s) fail as a matter of law as well.

### 1. Plaintiff Has Not Pleaded and Cannot Plead a Sufficient Abuse of Process Claim.

Significantly, Plaintiff's abuse of process allegations must plead facts supporting an ulterior motive, not simply conclusory allegations to that effect.  *See LaMantia v. Redisi,* 118 Nev. 27, 30, 38 P.3d 877, 879 (2002) (stating abuse of process elements); *see also Land Baron Inv. v. Bonnie Springs Family LP*, 131 Nev. Adv. Op. 69, 356 P.3d 511, 519 (2015) (requiring an abuse of process claimant to "provide facts, rather than conjecture, showing that the party intended to use the legal process to further an ulterior purpose") (citation omitted).  In addition, there must have been some action taken "not proper in the regular conduct of the proceeding." *LaMantia*, 118 Nev. at 30, 38 P.3d at 879.

Plaintiff attempts to assert a cause of action for abuse of process fails as he provides no facts to establish an ulterior motive and offers no act committed that was improper in the regular conduct of proceedings. *LaMantia*, 118 Nev. at 30, 38 P.3d at 879.  Therefore, this claim must be dismissed with prejudice because no additional allegations can cure the claim's multiple, fatal deficiencies.

### 2. The DTP Claim Fails as a Matter of Law, at least with respect to Defendant AcctCorp.

With respect to the asserted DTP claim, Plaintiff confuses, perhaps intentionally as it would seem, (1) the application of a DTP claim to sales of goods or services with (2) the application of the FDCPA to the sales of goods and services.  AcctCorp's argument in its Motion was much more lucid than Plaintiff would have this Court perceive it – *i.e.,* Plaintiff's DTP claims require, as the basis, a transaction involving the sale of goods or

MAC:14665-007 3138333_1 7/17/2017 6:05 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

services, and AcctCorp did not participate in any such transaction with Plaintiff. Thus, Plaintiff's DTP claim warrants dismissal, at least against AcctCorp. Respectfully, AcctCorp does not dispute, much less argue, that the FDCPA does or does not apply to such a transaction. Rather, AcctCorp has argued, and maintains, that Plaintiff's claim for relief under Nevada's DTP statute applies to transactions involving the sale of goods or services, and AcctCorp had no involvement whatsoever in selling either goods or services to Plaintiff. Therefore, this particular claim must be dismissed as it relates to AcctCorp, as it did not sell a good nor render any services to Plaintiff – it simply attempted to collect an outstanding debt.

### 3. Dismissal is Warranted on Plaintiff's Civil Conspiracy Claim.

In Nevada, "it is necessary for the act in furtherance of the conspiracy to constitute an actionable tort." *Eikelberger v. Tolotti*, 96 Nev. 525, 527, 611 P.2d 1086, 1088 (1980). Therefore, with respect to Plaintiff' civil conspiracy claim, where Plaintiff's non-conspiracy claims fail as a matter of law or are all barred by (1) the principles of issue and claim preclusion and (2) the *Rooker-Feldman* Doctrine, there exists no "actionable tort" upon which Plaintiff can maintain a conspiracy cause of action. Accordingly, Defendants respectfully requests that the Court dismiss this claim with prejudice as well.

### 4. Plaintiff's Misrepresentation Claim(s) Fail as a Matter of Law as Well.

Irrespective of Plaintiff's contention that he has sufficiently pled claims for intentional or negligent misrepresentation – a contention that Defendants do not concede – Plaintiff has not alleged and cannot sustain an action for either one. To establish a claim for intentional misrepresentation, a plaintiff must show that: (1) the defendant provided a false representation of a material fact, which he knew to be false; (2) the defendant intended the plaintiff to rely on the misrepresentation; (3) that the plaintiff detrimentally relied on the misrepresentation; and (4) the misrepresentation proximately caused damages. *Chen v. Nevada State Gaming Control Bd.,* 116 Nev. 282, 994 P.2d 1151 (2000). A claim for

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

negligent misrepresentation requires evidence that the opposing party made a false representation, reliance, and damages; however, instead of deceitful intent, negligent misrepresentation arises when one fails to exercise reasonable care in ascertaining the truth. *Wild Game Ng, LLC v. IGT*, 2015 WL 7575352, at *1 (Nev. Nov. 24, 2015).

Regardless of whether a plaintiff is claiming intentional or negligent misrepresentation, he must show that he: (1) acted (or refrained from acting) and (2) that he relied on the misrepresentation when acting. *See Blanchard v. Blanchard*, 108 Nev. 908, 911, 839 P.2d 1320, 1322 (1992) ("The false representation must have played a material and substantial part in ***leading the plaintiff to adopt his particular course***; and when he was unaware of it at the time that ***he acted***, or it is clear that he was not in any way influenced by it, and would have done the same thing without it for other reasons, his loss is not attributed to the defendant."); *Lubbe v. Barba*, 91 Nev. 596, 600, 540 P.2d 115, 118 (1975) ("The causal connection between the wrongful conduct and the resulting damage, essential throughout the law of torts, takes in cases of misrepresentation the form of ***inducement of the plaintiff to act, or to refrain from acting***, to his detriment."); *Nevada Nat. Bank v. Gold Star Meat Co.*, 89 Nev. 427, 431, 514 P.2d 651, 654 (1973) ("Where a misrepresentation is negligently made, or negligently allowed to stand, the party injured in ***relying upon*** it must show that ***he acted*** as a reasonably prudent person in so doing.") (***Emphasis added***).

Here, it is obvious that Plaintiff is purposefully conflating key elements of a misrepresentation claim simply to keep his misrepresentation claim(s) intact. But, regardless of whether the purported representations of the Defendants were false or misleading – which Defendants are not conceding – Plaintiff never ***acted in reliance*** of these misrepresentations. The record is clear that the Plaintiff did not act or rely on the Defendants' representations at all in the underlying State Court Action – which is why a default judgment was entered against Plaintiff. Accordingly, Plaintiff cannot maintain an action for intentional or negligent misrepresentation pursuant to the facts alleged within Plaintiff's complaint.

MAC:14665-007 3138333_1 7/17/2017 6:05 PM

### D. MOLIN IS AN ORIGINAL CREDITOR AND THUS, NOT SUBJECT TO THE FDCPA.

Although Plaintiff does not address Molin's separate argument that he is not a debt collector subject to the FDCPA within his Response [ECF No. 18], it is important for the Court to observe the distinction between creditors and debt collectors.[6] *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004); *see also id.* ("[A]n agent or employee of the creditor is not covered by the [FDCPA] in the first place."); *Fed. Trade Comm'n v. Check Investors, Inc.*, 502 F.3d 159, 171 (3d Cir. 2007) ("Creditors – as opposed to debt collectors – generally are not subject to the FDCPA."); 15 U.S.C. §§ 1692b *et seq.* (governing actions of "debt collectors").  Here, Plaintiff explicitly acknowledges that Molin is a creditor to which the FDCPA does not apply.[7] Therefore, Molin should be dismissed from the action entirely.

### E. PLAINTIFF'S REQUEST FOR SANCTIONS MUST BE DENIED.

Defendants have not engaged in any sanctionable conduct, as both their Motion and Joinder are supported by existing law and factual contentions maintained by evidentiary support.  Notwithstanding said fact, it is unclear whether Plaintiff is truly seeking sanctions against Defendants.  Within his motion, Plaintiff only explicitly requests sanctions against co-defendant Caleb Langsdale – although it does not appear the Langsdale has engaged in any sanctionable conduct.   In any event, no sanctions should be imposed on Defendants.

/ / /

/ / /

/ / /

/ / /

---

[6] This original creditor argument was asserted in Molin's Joinder to AcctCorp's Motion. *See* ECF No. 14.  Considering Plaintiff refers to both AcctCorp and Molin as "Defendants" within his Response [ECF No. 18 at 2], Molin wants to ensure that the Court considers his original creditor argument when deciding whether dismissal is appropriate in this matter.

[7] See Compl. [ECF No. 1], at 2, ¶¶ 7, 9, and 11.

MAC:14665-007 3138333_1 7/17/2017 6:05 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

III. **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's entire Complaint [ECF No. 1] with prejudice and deny Plaintiff's request for sanctions.

Dated this 17th day of July, 2017.

MARQUIS AURBACH COFFING

By  */s/ Jonathan B. Lee*
  Terry A. Coffing, Esq.
  Nevada Bar No. 4949
  Chad F. Clement, Esq.
  Nevada Bar No. 12192
  Jonathan B. Lee, Esq.
  Nevada Bar No. 13524
  10001 Park Run Drive
  Las Vegas, Nevada 89145
    *Attorneys for Richland Holdings, Inc.*
    *d/b/a AcctCorp of Southern Nevada*

MAC:14665-007 3138333_1 7/17/2017 6:05 PM

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **DEFENDANT RICHLAND HOLDINGS, INC. D/B/A ACCTCORP OF SOUTHERN NEVADA AND DEFENDANT CLIFFORD MOLIN, M.D. AKA ZEEBA SLEEP CENTER'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 17th day of July, 2017.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☐ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

The Law Office of Vernon Nelson
Vernon A. Nelson, Jr. Esq.
9480 S. Eastern Ave., Ste. 244
Las Vegas, NV  89123
Tel:  702-476-2500
Fax:  702-476-2788
vnelson@nelsonlawfirmlv.com
*Attorneys for Plaintiff*

Ropers, Majeski, Kohn & Bentley
Stephen J. Erigero, Esq.
Timothy J. Lepore, Esq.
3753 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Stephen.erigero@rmkb.com
timothy.lepore@rmkb.com
*Attorneys for the Langsdale Law Firm, P.C.*

 */s/ Jonathan B. Lee*
An employee of Marquis Aurbach Coffing

MAC:14665-007 3138333_1 7/17/2017 6:05 PM