James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL CUTTS, | Case No. 2:17-CV-1525 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| RICHLAND HOLDINGS, INC., | |
| Defendant(s). | |

Presently before the court is defendant Caleb Langsdale's motion to dismiss. Plaintiff Michael Cutts filed a response (ECF No. 16), to which Langsdale replied (ECF No. 19).

Also before the court is defendant Richland Holdings, Inc., doing business as ACCTCORP of Southern Nevada's ("ASN") motion to dismiss. (ECF No. 10). Defendant Clifford Molin M.D. a/k/a Zeeba Sleep Center ("Molin") joined the motion. (ECF No. 14). Plaintiff filed a response (ECF No. 18), to which ASN and Molin replied (ECF No. 20).

**I.     Introduction**

The present case arises out of defendants' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). (ECF No. 1). Plaintiff alleges that he entered a contract with defendant Molin and failed to make payments pursuant to that contract, at which time the debt was assigned to ASN. *Id.* at 2. ASN filed a lawsuit against plaintiff in state court on October 3, 2016, for the balance of the debt ($274.53) and a contractual collection fee ($137.27). *Id.* at 3–4. The state court entered default judgment against plaintiff "for 1) the principal amount of $411.80 . . . plus 2) $111.50 in court costs and 3) reasonable attorney's fees in the amount of $750. (ECF Nos. 1 at 4, 10 at 46–47).

In the present case, plaintiff brings five causes of action: (1) violations of the FDCPA; (2) abuse of process; (3) deceptive trade practices; (4) misrepresentation; and (5) civil conspiracy. (ECF No. 1). Plaintiff alleges that the collection fee of 50% of the principal balance "attempt[s] to collect more than was due under the Contract."[1] *Id.* at 6. Plaintiff further alleges that defendants violated the FDCPA by mischaracterizing the character, amount, and legal status of the debt, by using deceptive means to collect the debt, and by taking illegal action to collect the debt. *Id.*

## II. Legal Standards

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.*

---

[1] Plaintiff provides no support for this conclusory statement in his pleadings or otherwise.

at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

Defendants move to dismiss all causes of action in plaintiff's complaint, arguing (1) this court does not have subject matter jurisdiction over plaintiff's claims; (2) plaintiff's claims are barred by claim preclusion; (3) plaintiff's claims are barred by issue preclusion; and (4) plaintiff's section 1692g claim and state law claims fail as a matter of law. (ECF Nos. 9, 10). Alternatively, defendant ASN moves for a more definite statement. (ECF No. 10).

*a. The Rooker-Feldman doctrine*

Plaintiff alleges that defendants committed three distinct "violations:" (1) the "collection fee violations;" (2) the "§ 1692(g) violations;" and (3) the misrepresentation violations. (ECF No. 1). Defendants rely on the *Rooker-Feldman* doctrine to assert that this court does not have subject matter jurisdiction over plaintiff's complaint. (ECF Nos. 9, 10). Defendants argue that plaintiff's complaint constitutes a *de facto* appeal of the judgment entered against them in state court. (ECF Nos. 9, 10). Plaintiff contends his complaint does not seek "to set aside the judgment or to direct any order to the state court." (ECF No. 18 at 2–3).

"When there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). In *Exxon*, the Court noted,

> The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments.

*Id.* at 284. "Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law." *Id.* at 293.

While the instant case deals with the same loan as the state court action, the substance of the complaint is not contingent on plaintiff's failure to pay his loan. (ECF No. 1). Instead, the court has jurisdiction over the FDCPA claim under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims, which embrace the legality of additional charges that defendants assessed to the plaintiff. (ECF No. 1).

### b. *Claim preclusion*

Defendant ASN argues that the complaint is barred by claim preclusion, having purportedly been litigated in state court. (ECF No. 10). Specifically, ASN contends that claim preclusion applies insofar as plaintiff's current claims should have been brought as compulsory counterclaims in the underlying state court action. *Id.*

As discussed above, now that the state court adjudication is complete, disposition of this action is "governed by preclusion law." *Exxon Mobil Corp.*, 544 U.S. at 293. "Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotation marks and citations omitted).

The underlying action was brought in Nevada state court. *See* (ECF No. 10-1). The Nevada Supreme Court has adopted "the modern view [which] is that claim preclusion embraces all grounds of recovery that were asserted in a suit, as well as those that could have been asserted, and thus has a broader reach than issue preclusion." *Executive Mgmt. v. Ticor Title Ins. Co.*, 963 P.2d 465, 473 (Nev. 1998) (quoting *University of Nevada v. Tarkanian*, 879 P.2d 1180, 1191 (Nev. 1994)). As a result, plaintiff's claims are precluded in the present action if they were compulsory counterclaims in the underlying state court action.

The Ninth Circuit applies a "logical relationship" test to determine whether a counterclaim is compulsory or permissive:

> A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant.

*In re Pinkstaff*, 974 F.2d 113, 115 (9th Cir. 1992).

Here, a logical relationship exists between the claims plaintiff now raises and the transaction in the underlying state court case. The abuse of process, deceptive trade practices, misrepresentation, and civil conspiracy alleged in plaintiff's complaint arise directly from "the same aggregate set of operative facts as the initial [underlying] claim." *Id.* The alleged "collection fee violations," the "§ 1692(g) violations," and the "misrepresentation violations" form the basis of the state law claims. (ECF No. 1 at 6). These violations all come directly from the calculation of plaintiff's debt, litigation to collect that debt, and collection of the debt in the underlying breach of contract action. Plaintiff had an opportunity to appear in the underlying state court action, to dispute the amount due as a result of the breach of contract claim, to raise affirmative defenses, and to assert counterclaims. Instead, plaintiff elected not to appear in the state court action. *See* (ECF No. 10 at 46–47).

Similarly, plaintiff explicitly admits in his abuse of process claim that "[d]efendants commenced and/or prosecuted legal proceedings" in connection with the debt. (ECF No. 1 at 6). The alleged abuse of process—filing the underlying court case—stems from defendants' attempt to collect on the breach of contract that forms the basis of both the underlying and present actions. *Id.* Consequently, the abuse of process claim should have been raised as a compulsory counterclaim in the underlying state court action. *See Pochiro v. Prudential Ins. Co.*, 827 F.2d 1246, 1252 (9th Cir. 1987) ("Because we believe that the liberal reading of the 'transaction or occurrence' standard is more in keeping with the pronouncements of the Supreme Court, we now reject the line of cases that has refused to find an abuse of process claim a compulsory counterclaim.").

Finally, the FDCPA claim is a compulsory counterclaim for the same reasons as the state court claims. FDCPA claims are, by statute, subject to state and federal courts' concurrent jurisdiction. *See* 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court . . . or in any other court

of competent jurisdiction . . . ."). As such, the FDCPA violations could have been litigated in the underlying action but for plaintiff's failure to appear.

Accordingly, plaintiff's claims should have been brought as compulsory counterclaims and are now barred by claim preclusion. Therefore, the court will grant the motion to dismiss and will dismiss plaintiff's complaint with prejudice.

**IV.     Conclusion**

Plaintiff failed to bring his current claims as compulsory counterclaims in the underlying state court case. As a result, claim preclusion bars plaintiff from bringing his claims in this case. In light of this holding, the court need not address defendants' alternative arguments that plaintiff's claims are barred by issue preclusion and that plaintiff's complaint fails to state a claim upon which relief can be granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Langsdale's motion to dismiss (ECF No. 9) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant ASN's motion to dismiss (ECF No. 10) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint (ECF No. 1) be, and the same hereby is, DISMISSED WITH PREJUDICE.

DATED February 27, 2018.

_____
UNITED STATES DISTRICT JUDGE