UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL CUTTS,<br><br>                  Plaintiff,<br>v.<br>RICHLAND HOLDINGS, INC., et al.,<br><br>                  Defendants. | Case No. 2:17-cv-01525-JCM-PAL<br><br>ORDER<br><br>(Mot Quash and for Prot Ord – ECF No. 27) |

Before the court is the Emergency Motion to Quash Subpoenas or for a Protective Order (ECF No. 27) by Defendant Richland Holdings, Inc. d/b/a AcctCorp of Southern Nevada. The court has considered the motion, Plaintiff Michael Cutts' Opposition (ECF No. 29), and defendant's Reply (ECF No. 32).

On February 27, 2018, Judge Mahan granted defendants' motions to dismiss, and dismissed plaintiff's complaint with prejudice. *See* Order (ECF No. 30); Clerk's Judgment (ECF No. 31). The instant motion was filed February 22, 2018, and requests an order quashing subpoenas issued to three insurance and bond companies and the State of Nevada Department of Business and Industry Financial Institutions. Alternatively, it requests a protective order forbidding the discovery. The subpoenas were served February 1, 2018, four days before the discovery cutoff, and required production of documents on the last day of the discovery cutoff, February 5, 2018. Defendants argue the subpoenas violate a December stipulation and order extending discovery for the limited purposes specified. *See* Stipulation (ECF No. 25); Order (ECF No. 26). Additionally, plaintiff failed to comply with notice requirements of Rule 45(a)(4) of the Federal Rules of Civil Procedure, and the subpoenas seek information that is irrelevant and overbroad. Defendant requests an order quashing the subpoenas and requiring plaintiff to inform the third parties that no production is required, and that plaintiff "disgorge himself of any documents received from the

1 subpoena and non-use of the documents" and any other unknown productions.

2 Plaintiff responds that the stipulation and order allowed the deposition of Paul Liggio who was deposed on January 31, 2018, and "testified to new information prompting plaintiff's need to subpoena proof of insurance from the insurance companies." The subpoenas were served on short notice to the non-parties so plaintiff's counsel granted reasonable extensions as requested. In the meet and confer with defense counsel, plaintiff proposed that disclosure of subpoenaed documents be allowed with defendant being allowed "to object subsequently." However, defendant rejected this proposal.

On March 1, 2018, defendant file a reply stating that, although the case has been dismissed, the dispute is not moot and a protective order is still necessary. Defendant does not know what the status of responsive documents is, or what the productions might entail. However, defendant believes plaintiff will certainly use documents obtained pursuant to these subpoenas in other pending cases before this court. Therefore, the court should quash the subpoenas or enter a protective order forbidding the discovery, and order plaintiff to disgorge himself of any documents received from the subpoenas.

Having reviewed and considered the matter, the court finds that the subpoenas were issued in violation of the court's order limiting the discovery that could be taken during the extension granted. The subpoenas were also issued in violation of Rule 45(a)(4), the purpose of which is to allow opposing parties an opportunity to object to a Rule 45 subpoena *before* service.

**IT IS ORDERED** that:

1. Defendant's Motion (ECF No. 27) is **GRANTED** and the subpoenas are **QUASHED.**
2. Plaintiff shall immediately serve a copy of this order on the non-parties served with the subpoenas.
3. Any documents received from the three insurance and bond companies and from the State of Nevada Department of Business & Industry Financial Institutions as a result of the subpoenas must immediately be **destroyed**.
4. A **protective order** is entered preventing plaintiff from keeping or retaining a copy of any documents received pursuant to these subpoenas. Further, the documents and/or

2

any information obtained by reviewing them shall not be shared with or disseminated to any persons or entities including any of AcctCorp's competitors.

5. Plaintiff shall have until **March 14, 2018**, to file a certificate of compliance with this order.

DATED this 8th day of March, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE