**Marquis Aurbach Coffing**
Terry A. Coffing, Esq.
Nevada Bar No. 4949
Chad F. Clement, Esq.
Nevada Bar No. 12192
Jonathan B. Lee, Esq.
Nevada Bar No. 13524
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tcoffing@maclaw.com
cclement@maclaw.com
jlee@maclaw.com
*Attorneys for Richland Holdings, Inc.*
*d/b/a AcctCorp of Southern Nevada*
*and Clifford Molin, M.D. aka Zeeba*
*Sleep Center*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL CUTTS, <br><br> Plaintiff, <br><br> vs. <br><br> RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA, a Nevada Corporation; CALEB J. LANGSDALE, ESQ. dba THE LANGSDALE LAW FIRM, P.C.; and CLIFFORD MOLIN, M.D. aka ZEEBA SLEEP CENTER <br><br> Defendants. | Case Number:  2:17-cv-01525-JCM-PAL <br><br> **DEFENDANTS RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA AND CLIFFORD MOLIN, M.D. AKA ZEEBA SLEEP CENTER'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES** |

Defendants Richland Holdings, Inc., d/b/a AcctCorp of Southern Nevada and Clifford Molin, M.D. aka Zeeba Sleep Center (collectively, "Defendants"), by and through their attorneys of record, the law firm of Marquis Aurbach Coffing, and pursuant to 28 U.S.C. § 1927, 15 U.S.C. § 1692k(a)(3), Nev. Rev. Stat. § 18.010, and this Court's inherent

MAC:14665-007 3365800_1.docx 4/4/2018 6:02 PM

power, hereby file their Reply in Support of Motion for Attorney Fees ("Reply").[1]  This Reply is based upon the following Memorandum of Points and Authorities, all pleadings and papers on file herein, and any oral argument allowed by this Court at the time of hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Michael Cutts' ("Plaintiff") opposition [ECF No. 46] wholly fails to address, respond to, or dispute, in argument or with evidence, the legal or factual bases Defendants advanced in their motion for attorney fees [ECF No. 39] in support of an award of fees.  Instead, Plaintiff argues that (1) Defendants purportedly did not comply with LR 54-14(c) in using a declaration in support of the motion, instead of an affidavit; and (2) his action was not "unreasonable, frivolous, meritless, or vexatious" under the legal standard cited in *Vernon v. City of Los Angeles*, 27 F. F.3d 1385 (9th Cir. 1994), for prevailing defendants in civil and constitutional rights cases, which is inapplicable to this case.  Neither argument can provide a basis for denial of Defendants' motion for attorney fees.

Two important points remain once this Court dispels with these baseless contentions.  The arguments and evidence put forward in Defendants' motion for attorney fees remain entirely undisputed.  And this Court recently granted a very similar motion for attorney fees, based on very similar facts (which are arguably stronger here), involving the same counsel and similar parties, in *Geraldo v. Richland Holdings, Inc.*, No. 2:17-CV-15 JCM (PAL), 2018 WL 1567847 (D. Nev. Mar. 30, 2018).  The Court should follow the lead it set in that case and likewise award Defendants attorney fees in this case.

/ / /

/ / /

---

[1] Plaintiff also improperly filed an alternative motion to stay execution of judgment on attorney fees, together with his opposition, in violation of the local rules.  ECF No. 45; LR IC 2-2(b).  Defendants' time to oppose the alternative motion to stay has not expired and Defendants will oppose that motion in a separate opposition in the normal course of their opposition time.

MAC:14665-007 3365800_1.docx 4/4/2018 6:02 PM

## II. LEGAL ARGUMENT

### A. DEFENDANTS' ARGUMENTS AND EVIDENCE IN SUPPORT OF AN AWARD OF ATTORNEY FEES REMAIN UNDISPUTED.

A point worthy of emphasis in this reply is the fact that Plaintiff completely failed to address, respond to, or dispute, in argument or with evidence, the legal or factual bases Defendants advanced in their motion for attorney fees [ECF No. 39] in support of an award of fees. ECF No. 46. Thus, Defendants' arguments and evidence in support of an award of attorney fees remain undisputed. Plaintiff likewise failed to contest or dispute the reasonableness of the fees sought. As such, Plaintiff has conceded these points and the Court is left with nothing but the undisputed arguments and evidence put forward in Defendants' motion for attorney fees [ECF No. 39].

### B. THE COURT SHOULD FOLLOW THE LEAD IT SET IN *GERALDO* AND LIKEWISE AWARD FEES IN THIS CASE.

Recently, this Court granted a nearly identical motion for attorney fees, based on nearly identical facts (which are arguably stronger here), involving the same counsel and similar parties, in *Geraldo v. Richland Holdings, Inc.*, No. 2:17-CV-15 JCM (PAL), 2018 WL 1567847 (D. Nev. Mar. 30, 2018).

After addressing the facts, legal standards, and recent decisions by "[m]ultiple other courts in this district [dismissing] claims brought by the same attorney against the same or similar defendants[,]" the Court found that the "sheer number of procedural and substantive defects with plaintiffs' case, considered together with the holdings of other courts in similar cases brought by the same counsel here and based on similar fact, demonstrates bad faith on behalf of plaintiffs." *Id.* at *7. The court therefore held "that this suit was brought in bad faith and for the purpose of harassment" and "award[ed] defendants attorney's fees pursuant to § 1692k." *Id.*

The Court should adhere to its decision in *Geraldo* and likewise award Defendants attorney fees in this case, given the identical nature of the motions for attorney fees, the facts, counsel, and parties.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**C. THE USE OF A DECLARATION IN SUPPORT OF THE MOTION FOR ATTORNEY FEES, INSTEAD OF AN AFFIDAVIT, HAD "LIKE FORCE AND EFFECT" UNDER 28 U.S.C. § 1746 AND FULLY COMPLIED WITH LR 54-14(c).**

Plaintiff argues that Defendants' motion for attorney fees should be denied because they purportedly did not comply with LR 54-14(c) in providing a declaration in support of the motion, instead of an affidavit. ECF No. 46, at 3-4. Plaintiff's contention is baseless.

28 U.S.C. § 1746 provides:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, *any matter is required or permitted to be supported, evidenced, established, or proved by the . . . **affidavit**, in writing of the person making the same . . . , such matter may, with like force and effect, be supported, evidenced, established, or proved by the **unsworn declaration** . . . in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the [form identified in subsections (1)-(2).*

(emphasis added)

Here, a declaration was used to support the motion for attorney fees, which complied with 28 U.S.C. § 1746. ECF No. 39. Thus, the declaration had "like force and effect" as would an affidavit supporting the motion. Consequently, Defendants' motion for attorney fees fully complied with LR 54-14(c) and the use of a declaration versus an affidavit cannot provide a basis for denial of Defendants' attorney fees.

**D. PLAINTIFF'S ARGUMENT AND RELIANCE RELATIVE TO *VERNON* IS MISPLACED BECAUSE IT IS INAPPLICABLE TO THIS CASE.**

Plaintiff's contends that Defendants' motion for attorney fees should be denied because his action was not "unreasonable, frivolous, meritless, or vexatious." ECF No. 46, at 4-5. Plaintiff does not engage in any analysis or present any argument or evidence to demonstrate that his case was *not* "unreasonable, frivolous, meritless, or vexatious." *Id.* Instead, he baldly claims that it was not and asserts that because this Court did not find it as such in its order dismissing this case [ECF No. 30], Defendants are not entitled to attorney fees under the standard set forth in *Vernon v. City of Los Angeles*, 27 F. F.3d 1385 (9th Cir.

MAC:14665-007 3365800_1.docx 4/4/2018 6:02 PM

1994). ECF No. 46, at 4-5. Plaintiff's contention and reliance on *Vernon* is incredibly misplaced.

*Vernon* was a civil rights case, in which a retired assistant chief of police, sued various defendants under 42 U.S.C. § 1983, alleging various federal and state constitutional rights violations. 27 F.3d at 1388. In affirming the district court's determination that the plaintiff's constitutional rights were not violated, the Ninth Circuit addressed "the defendants' request for attorneys' fees pursuant to 42 U.S.C. § 1988." *Id.* at 1402. The *Vernon* court evaluated this request under the legal standard applicable to "prevailing defendant[s]" "in a civil rights action," which is "where the action is found to be 'unreasonable, frivolous, meritless, or vexatious.'" *Id.* quoting *Roberts v. Spalding*, 783 F.2d 867, 874 (9th Cir. 1986).

Here, Plaintiff brought this case alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and other state law claims, not civil and constitutional rights violations under 42 U.S.C. § 1983 or any other applicable statute. ECF No. 1. Thus, the standard for awarding attorney fees under 42 U.S.C. § 1988—if the action is found to be unreasonable, frivolous, meritless, or vexatious—is entirely inapplicable to this case, as is *Vernon*. Consequently, the Court should entirely disregard Plaintiff's argument on this front, as well as the legal authorities and standards it rests on, and instead, look to the applicable standards advanced by Defendants—28 U.S.C. § 1927, 15 U.S.C. § 1692k(a)(3), Nev. Rev. Stat. § 18.010, and this Court's inherent power. In doing so, Defendants are confident the Court will see that an award of fees is just.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

MAC:14665-007 3365800_1.docx 4/4/2018 6:02 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

### III. CONCLUSION

Defendants respectfully request that this Court enter an order, pursuant to 28 U.S.C. § 1927, 15 U.S.C. § 1692k(a)(3), NRS 18.010, and/or the Court's inherent power, awarding them with the attorney fees incurred in defending this frivolous and harassing lawsuit – in the amount of $50,239.50.

Dated this 4th day of April, 2018.

MARQUIS AURBACH COFFING

By     /s/ Chad F. Clement
    Terry A. Coffing, Esq.
    Chad F. Clement, Esq.
    Jonathan B. Lee, Esq.
    10001 Park Run Drive
    Las Vegas, Nevada 89145
    *Attorneys for Richland Holdings, Inc.*
    *d/b/a AcctCorp of Southern Nevada*
    *and Clifford Molin, M.D. aka Zeeba*
    *Sleep Center*

MAC:14665-007 3365800_1.docx 4/4/2018 6:02 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing DEFENDANTS RICHLAND HOLDINGS, INC. D/B/A ACCTCORP OF SOUTHERN NEVADA AND CLIFFORD MOLIN, M.D. AKA ZEEBA SLEEP CENTER'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 4th day of April, 2018.

☒   I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

| | |
|---|---|
| The Law Office of Vernon Nelson<br>Vernon A. Nelson, Jr. Esq.<br>9480 S. Eastern Ave., Ste. 252<br>Las Vegas, NV  89123<br>Tel:  702-476-2500<br>Fax:  702-476-2788<br>vnelson@nelsonlawfirmlv.com<br>*Attorneys for Plaintiff* | Ropers, Majeski, Kohn & Bentley<br>Stephen J. Erigero, Esq.<br>Timothy J. Lepore, Esq.<br>3753 Howard Hughes Parkway, Suite 200<br>Las Vegas, NV  89169<br>Tel:  702-954-8300<br>Fax:  213-312-2001<br>*Attorneys for Defendant The Langsdale Law Firm, P.C.* |

☐   I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

N/A

and that there is a regular communication by mail between the place of mailing and the place(s) so addressed.

       /s/ Chad F. Clement      
an employee of Marquis Aurbach Coffing

MAC:14665-007 3365800_1.docx 4/4/2018 6:02 PM