UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL CUTTS,<br><br>Plaintiff(s),<br><br>v.<br><br>RICHLAND HOLDINGS, INC.,<br><br>Defendant(s). | Case No. 2:17-CV-1525 JCM (PAL)<br><br>ORDER |

Presently before the court is defendants Clifford Molin ("Molin") and Richland Holdings, Inc., doing business as ACCTCORP of Southern Nevada's ("ASN") (collectively, "defendants") motion for attorneys' fees. (ECF No. 39). Plaintiff Michael Cutts ("plaintiff") filed a response (ECF No. 39), to which defendants replied (ECF No. 50).

Also before the court is defendants' motion to extend time. (ECF No. 43). Plaintiff filed a response (ECF No. 39), to which defendants replied (ECF No. 49).

**I.  Facts**

The instant motion for attorneys' fees arises out of the court's grant of dismissal of plaintiff's claims based on a finding of claim preclusion.

Plaintiff entered into a contract with defendant Molin and failed to make payments pursuant to that contract, at which time the debt was assigned to ASN. *Id.* at 2. ASN filed a lawsuit against plaintiff in state court on October 3, 2016, for the balance of the debt ($274.53) and a contractual collection fee ($137.27). *Id.* at 3–4. The state court entered default judgment against plaintiff "for 1) the principal amount of $411.80 . . . plus 2) $111.50 in court costs and 3) reasonable attorney's fees in the amount of $750." (ECF Nos. 1 at 4, 10 at 46–47).

**James C. Mahan**
**U.S. District Judge**

On May 31, 2017, plaintiff filed his complaint, alleging that, among other things, defendants violated the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 1). Plaintiff's complaint alleged that a collection fee of 50% of the principal balance "attempt[s] to collect more than was due under the Contract." *Id.* at 6. Plaintiff further alleged that defendants violated the FDCPA by mischaracterizing the character, amount, and legal status of the debt, by using deceptive means to collect the debt, and by taking illegal action to collect the debt. *Id.*

On February 27, 2018, the court granted defendants' motion to dismiss, holding that plaintiff's claims are precluded because plaintiff failed to bring his current claims as compulsory counterclaims in the underlying state court case. (ECF No. 30). Thereafter, on March 14, 2018, defendants filed their motion for attorneys' fees pursuant to, *inter alia*, the FDCPA, 15 U.S.C. § 1692k(a)(3). (ECF No. 39).

## II. Legal Standard

### a. *15 U.S.C. § 1692k(a)(3)*

Under the FDCPA, if the court finds that a plaintiff brought an action in bad faith and for the purpose of harassment, a prevailing defendant is entitled to "attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). Such an award is mandatory under the FDCPA. *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991); *see also De Jesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 234 (1st Cir. 1990).

### b. *Local Rule 54-14(b)(3)*

Local Rule 54-14(b)(3) specifically identifies the information that a party must submit to a trial court in this district for the court's consideration of a motion for attorneys' fees. These thirteen items are as follows:

> (A) The results obtained and the amount involved; (B) The time and labor required; (C) The novelty and difficulty of the questions involved; (D) The skill requisite to perform the legal service properly; (E) The preclusion of other employment by the attorney due to acceptance of the case; (F) The customary fee; (G) Whether the fee is fixed or contingent; (H) The time limitations imposed by the client or the circumstances; (I) The experience, reputation, and ability of the attorney(s); (J) The undesirability of the case, if any; (K) The nature and length of the professional relationship with the client; (L) Awards in similar cases; and (M) Any other information the court may request.

LR 54-14(b)(3).

Information regarding reasonable attorneys' fees is based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Id.* "The district court . . . should exclude from this initial fee calculation hours that were 'not reasonably expended.'" *Id.* at 433–34. Thus, the "court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Bus. Factors, Inc.*, 897 F. Supp. 458, 460–61 (D. Nev. 1995).

After calculating the "lodestar" amount, the court can further adjust that figure by considering the factors laid out in *Kerr*, which materially mirror Local Rule 54-14. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), abrogated on other grounds by *City of Burlington v. Dague*, 505 U.S. 557 (1992); *see also Stetson v. Grissom*, 821 F.3d 1157, 1166–67 (9th Cir. 2016); LR 54-14.

### III. Discussion

As a preliminary matter, plaintiff does not oppose defendants' motion to extend time to file the instant motion for attorneys' fees. (ECF No. 46 at 2). Accordingly, the court will grant defendants' motion to extend time. (ECF No. 43).

#### a. *The propriety of defendants' request for attorneys' fees*

15 U.S.C. § 1692k(a)(3) states that:

> (a) Amount of damages. Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title [15 USCS §§ 1692 et seq.] with respect to any person is liable to such person in an amount equal to the sum of-- . . .
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k.

Defendants allege that the suit was brought against them in bad faith and for the purpose of harassment. (ECF No. 39). Defendants also assert that nonparty Credit Restoration of Nevada ("CRN") and plaintiff's counsel brought this suit to attack ASN and put it out of business, and that plaintiff was solicited to bring the suit. *Id.* Indeed, defendants submit that plaintiff never even

met his attorney in this case before his deposition was conducted. *Id.* Moreover, defendants assert that plaintiff's claims lack any basis in fact or law, were brought frivolously, and maintained without reasonable grounds in bad faith for the purpose of harassment. *Id.*

Multiple other courts in this district have dismissed claims brought by the same attorney against the same or similar defendants. In *Whitt v. Richland Holdings, Inc.*, counsel represented a plaintiff who brought suit against similar defendants as here, ASN and RC Willey, alleging, among other things, FDCPA violations against RC Willey. No. 2:17-cv-00014-APG-NJK, 2017 U.S. Dist. LEXIS 158415, at *8 (D. Nev. Sep. 26, 2017). In *Whitt*, the plaintiff admitted that RC Willey "is a creditor to which the FDCPA does not apply." *Id*.

The court in *Whitt* granted RC Willey's motion to dismiss as to the FDCPA claims. *Id. See also Cox v. Richland Holdings, Inc.* No. 2:16-cv-02914-APG-VCF, 2018 U.S. Dist. LEXIS 9214, at *11 (D. Nev. Jan. 16, 2018) (similar holding); *Laforge v. Richland Holdings, Inc.*, No. 2:17-cv-00782-APG-VCF, 2018 U.S. Dist. LEXIS 10246, at *23 (D. Nev. Jan. 23, 2018) (similar holding).

Indeed, even this court has previously dismissed nearly identical claims brought by a different plaintiff who was represented by the same attorneys. *See Geraldo v. Richland Holdings, Inc.*, 2017 U.S. Dist. LEXIS 117252, *2, 2017 WL 3174918 (D. Nev. July 26, 2017). In *Geraldo*, the court held that "plaintiffs' claims should have been brought as compulsory counterclaims and are now barred by claim preclusion." *Id.*

Here, the court granted defendants' motion to dismiss based on claim preclusion, as it did in *Geraldo*. (ECF No. 23). The court thus finds that the sheer number of procedural and substantive defects with plaintiff's case, considered together with the holdings of other courts in similar cases brought by the same counsel here and based on similar facts, demonstrates bad faith on behalf of plaintiff. The court holds that this suit was brought in bad faith and for the purpose of harassment. Therefore, the court will award defendants attorney's fees pursuant to § 1692k.

### b. *Calculation of "reasonable fees"*

The first task the court must undertake is to determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*,

James C. Mahan
U.S. District Judge

- 4 -

461 U.S. at 433. "The district court . . . should exclude from this initial fee calculation hours that were 'not reasonably expended.'" *Id.* at 433–34. Defendants seek attorneys' fees in the amount of $50,239.50 for a total of 208.8 hours of work performed by three attorneys who worked on this case from May 18, 2017, to March 13, 2018. (ECF No. 39).

The court begins its calculation by finding that defendants' counsels' hourly rates of between $235.00 and 250.00 are reasonable. The controlling test for determining a reasonable hourly rate requires the rate to be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984) (holding that the reasonable rate to apply under section 1988 is the rate commonly charged in the local legal community); *Welch v. Metro. Life Ins Co.*, 480 F.3d 942, 946 (9th Cir. 2007).

Here, the relevant community is Las Vegas, Nevada. In Las Vegas, a $250.00 hourly rate is reasonable. *See, e.g., Marrocco v. Hill*, 291 F.R.D. 586, 589 (D. Nev. 2013) (finding hourly rates between $375.00 and $400.00 reasonable in Las Vegas). Additionally, as discussed above, a "strong presumption" exists that the "lodestar" figure represents a reasonable fee. *Jordan v. Multnomah Cnty., 815 F.2d 1258, 1262 (9th Cir. 1987).* Neither plaintiff nor their counsel identified any persuasive reason as to why the lodestar amount should be adjusted.

Defendants' counsel attaches a billing statement listing the total hours worked on this litigation. Upon review of the billing statement, the court finds that the hours billed constitute reasonable work spent defending this litigation. Nevertheless, the court must consider the second step in this analysis: the Rule 54-14 factors. *See* LR 54-14(b)(3).

*i. The results obtained and the amount involved*

Defendants submit that they obtained the results they sought when the court dismissed plaintiff's claims. *See* (ECF No. 30). Moreover, the court has already found that the rates charged and hours expended defending this litigation are reasonable.

*ii. The time and labor required*

As the court has already found that the hours expended defending this litigation are reasonable, the court need not consider this factor.

James C. Mahan
U.S. District Judge

- 5 -

### iii. The novelty and difficulty of the questions involved

Defendants assert that the FDCPA is "very complex in its nuances." (ECF No. 39). Additionally, defendants argue that plaintiff asserted "vague state law causes of action, all of which required" counsel to consider the interplay between state and federal law. *Id.* Lastly, defendants note that this case was fact-intensive, requiring "particular attention to detail." *Id.*

### iv. The skill requisite to perform the legal service properly

Defendants assert that Mr. Clement, Mr. Lee, and Mr. Moser (attorneys for defendants) "have litigated a number of FDCPA cases, which require a specific skill set and understanding of the FDCPA itself and the applicable defenses thereto." *Id.*

### v. The preclusion of other employment by the attorney

Defendants assert that this case demanded a considerable amount of work and attention by their attorneys, and that the time counsel spent in defendant this action precluded them from performing work for "other clients whom they could have charged higher hourly rates." *Id.*

### vi. The customary fee

"The hourly rates of Mr. Clement, Mr. Lee, and Mr. Moser during this litigation were $250/hour and $235/hour, respectively." *Id.* Defendants submit that the hourly rates are low compared to the hourly rates charged to other clients. The hourly rate for other clients ranges from $250/hour to $300/hour, according to defendants. *Id.*

### vii. Whether the fee is fixed or contingent

The fee in this case is fixed. The court finds that further discussion of this factor is not warranted.

### viii. The time limitations imposed by the client or the circumstances

Defendants do not provide information on this factor, and the court finds that it is not relevant.

### ix. The experience, reputation, and ability of the attorneys

Defendants assert that their attorneys "have litigated or are currently litigating a number of FDCPA defense cases before the United States District Court for the District of Nevada. Their

ability to competently handle such cases can be evaluated by viewing the filings in this Court's docket and before other judges in this District." *Id.*

        *x. The undesirability of the case, if any*

Defendants do not provide information on this factor, and the court finds that it is not relevant.

        *xi. The nature and length of the professional relationship with the client*

Defendants' counsel has had a relationship with ASN and Molin since December 2016, when this case began. *Id.*

        *xii. Awards in similar cases*

This court has previously awarded defendants' counsel similar fees in a nearly identical case. *See Geraldo v. Richland Holdings, Inc.*, 2018 U.S. Dist. LEXIS 54342, *15, 2018 WL 1567847 (D. Nev. March 30, 2018) (awarding $34,853.50 for 144.2 hours of work).

        *xiii. Any other information the court may request*

The court finds that this factor is not relevant.

    *c. Summary*

In light of the foregoing, the court holds that the attorneys' fees requested by defendants are reasonable pursuant to the "lodestar" and Rule 54-14 factors. Moreover, defendants' motion comports with all relevant Federal Rules of Civil Procedure, as well as this district's local rules. Accordingly, the court will award attorneys' fees in the amount of $50,239.50.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for attorneys' fees (ECF No. 39) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that defendants' motion to extend time (ECF No. 43) be, and the same hereby is, GRANTED.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

The clerk of court is instructed to enter judgment in the amount of $50,239.50 in attorneys' fees in favor of defendants ASN and Molin.

IT IS SO ORDERED.

DATED February 13, 2019.

_____
UNITED STATES DISTRICT JUDGE