FILED

JUL 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL CUTTS,<br><br>      Plaintiff-Appellant,<br><br>v.<br><br>RICHLAND HOLDINGS, INC., DBA Acctcorp of Southern Nevada; CLIFFORD MOLIN, DBA Zeeba Sleep Center,<br><br>      Defendants-Appellees. | No. 18-15377<br><br>D.C. No.<br>2:17-cv-01525-JCM-PAL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted June 14, 2019
San Francisco, California

Before: GOULD and IKUTA, Circuit Judges, and PEARSON,[**] District Judge.

    Michael Cutts appeals the district court's order dismissing his claims against

Richland Holdings, Inc., and Clifford Molin for violations of the Fair Debt

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

Collection Practices Act (FDCPA), abuse of process, misrepresentation, and civil conspiracy. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

Cutts's misrepresentation and civil conspiracy claims arise out of factual allegations relating to the value and nature of Cutts's debt, and such allegations are logically related to the facts underlying Richland's previous state court action against Cutts for recovery of the debt. *See Mendenhall v. Tassinari*, 403 P.3d 364, 371 (Nev. 2017). Accordingly, these claims were compulsory counterclaims in the previous state court action under Rule 13 of the Nevada Rules of Civil Procedure, *see id.*, and are barred by claim preclusion, *see Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998) (per curiam).

Because Cutts alleges that the prior debt-collection action was an abuse of process, Cutts's abuse of process claim was not a compulsory counterclaim under Rule 13 of the Nevada Rules of Civil Procedure. *See id.* The district court therefore erred in dismissing Cutts's abuse of process claim as barred by claim preclusion. *See id.*[1]

---

[1] Cutts's claims were not barred by the *Rooker-Feldman* doctrine because Cutts neither alleges the state court decision was erroneous nor seeks relief from that decision. *See Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013).

The mandate shall issue in accordance with Rule 41 of the Federal Rules of Appellate Procedure only as to Cutts's misrepresentation, civil conspiracy, and abuse of process claims.[2]  In a concurrently filed order, *see Cutts v. Richland Holdings, Inc.*, __ F.3d __ (9th Cir. 2019), we certify the question whether Cutts's FDCPA claims were compulsory counterclaims in Richland's previous state court action against Cutts and stay proceedings on those claims pending the Nevada Supreme Court's answer to the certified question.

**AFFIRMED IN PART, REVERSED IN PART.**

---

[2] The parties shall bear their own costs on appeal.