UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL CUTTS,<br><br>Plaintiff(s),<br><br>v.<br><br>RICHLAND HOLDINGS, INC., et al..<br><br>Defendant(s). | Case No. 2:17-CV-1525 JCM (BNW)<br><br>ORDER |

Presently before the court is plaintiff Michael Cutts's motion for stay of execution. (ECF No. 73), to which defendant Richland Holdings, Inc. ("defendant") filed a response (ECF No. 77).

The parties are familiar with the facts of this case, and the court need not recite them in detail here. As relevant for the purposes of this order, the court dismissed plaintiff's case with prejudice (ECF No. 30) and awarded attorney fees and costs to defendant (ECF Nos. 62; 63). Plaintiff appealed the order dismissing the case with prejudice to the Ninth Circuit. (ECF No. 33). After defendant began attempting to collect its fees and costs, plaintiff moved for a stay of execution pending appeal. (ECF No. 73).

On August 13, 2019, the Ninth Circuit issued a memorandum and partial mandate. (ECF Nos. 81; 82). The Ninth Circuit affirmed the court's order as to plaintiff's misrepresentation and civil conspiracy claims, holding that they were compulsory counterclaims in plaintiff's prior state court action. (ECF No. 81 at 2). The Ninth Circuit reversed the court's order as to plaintiff's abuse of process claim, holding that it was not a compulsory counterclaim and therefore not barred by claim preclusion. *Id.* The appeal remains pending regarding plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim. *Id.* at 3. The Ninth Circuit awaits the Nevada Supreme Court's answer to the certified question of whether the FDCPA claim was a compulsory counterclaim. *Id.*

**James C. Mahan**
**U.S. District Judge**

As a result, at least one of plaintiff's claims will survive defendant's motion to dismiss upon remand. Consequently, the court finds it appropriate grant plaintiff's motion without bond under Federal Rule of Civil Procedure 62(d). *Cf. Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir. 1990) (holding that "requesting a stay without bond . . . was warranted by existing law."); *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) ("District courts have inherent discretionary authority in setting supersedeas bonds . . . ."); *Int'l Telemeter, Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985) ("[T]he court has discretion to allow other forms of judgment guarantee . . . ."); *see also United States v. Certain Real & Personal Property Belonging to Hayes*, 943 F.2d 1292, 1296 (11th Cir. 1991) ("A bond requirement may be waived in a court's discretion."); *Olympia Equipment Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986) ("[P]osting a bond *entitles* the appellant to a stay of execution pending appeal; that is of course what Rule 62(d) says; if he does not post a bond, he risks the district judge's deciding to deny a stay.).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for stay of execution (ECF No. 73) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the instant action is STAYED pending the final resolution of plaintiff's appeal.

DATED December 4, 2019.

_____
UNITED STATES DISTRICT JUDGE